**TRANS UNION LLC, Plaintiff,**

v.

**FEDERAL TRADE COMMISSION, Defendant.**

**No. CIV.A. 00–2834(ESH).**

United States District Court, District of Columbia.

April 9, 2001.

Mary Elizabeth Gately, Barry Marshall Heller, Piper Marbury Rudnick & Wolfe, LLP, Washington, DC, Michael C. O'Neil, pro hac vice, Peter J. Donoghue, pro hac vice, Dennis J. Powers, pro hac vice, Piper, Marbury, Rudnick & Wolfe, Chicago, IL, for plaintiff.

Robert Craig Lawrence, U.S. Attorney's Office, Washington, DC, for defendant.

### *MEMORANDUM OPINION*

HUVELLE, District Judge.

Before the Court is defendant's motion to dismiss or for summary judgment, plaintiff's opposition, defendant's reply, and plaintiff's supplemental opposition. Pursuant to plaintiff's request for *in camera* review of the redacted documents, the Court conducted such a review on April 5, 2001. Having reviewed the documents *in camera* and considered the pleadings and the entire record herein, the Court concludes that defendant is entitled to summary judgment.

### FACTUAL BACKGROUND

This action is brought pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552 *et seq.* Trans Union, LLC, a consumer reporting agency, filed its original FOIA request with the Federal Trade Commission ("FTC") on September 12, 2000. In this request, Trans Union sought 22 different categories of materials that the FTC used in drafting and issuing rules pursuant to the Gramm–Leach–Bliley Act ("GLB Act"), Pub.L. No. 106–102, 113 Stat. 1338 (1999). On October 17, 2000, representatives from Trans Union and the FTC agreed that the FTC would provide the responsive documents in installments, beginning with a partial disclosure by October 31, 2000. (Complaint, Ex. C.) On December 1 and 19, 2000, the FTC produced installments of its response to Trans Union's request totaling approximately 3,600 pages of responsive documents. On January 17, 2001, the Court held a status hearing on this matter, at which time Trans Union agreed to narrow substantially the scope of its FOIA request and the FTC agreed to respond to the amended request by February 6, 2001. The narrowed request was for:

> All documents that constitute, reflect, refer, or relate to, information considered by the FTC, or that was communicated by the FTC to any other agency, in connection with the preparation or promulgation of the Regulations issued pursuant to Title V of the Gramm–Leach Bliley Act, which was obtained by the FTC in connection with the FTC administrative proceeding, *In re Trans Union Corp.,* No. 9255.

On February 6, 2001, Trans Union received a written response from the FTC to this narrowed request. The response included production of three documents: a copy of the Commission's Opinion and Order in *In re Trans Union Corp.,* No. 9255 (FTC Feb. 10, 2000), a two-page memorandum captioned "LCG Draft: 2/9/99," and a two-page email memorandum dated February 15, 2000. Both of the memoranda were heavily redacted. On February 26, 2001, defendant filed this motion to dismiss or for summary judgment. On March 20, 2001, defendant produced a fourth document to Trans Union, a different copy of the same two-page memorandum captioned "LCG 2/9/99" that was found by Lawrence DeMille–Wagman, an attorney in the FTC's Office of the General Counsel. This supplemental copy of the memo-

randum ·was also heavily redacted. On April 4, 2001, plaintiff filed a supplemental opposition to defendant's motion to dismiss or for summary judgment and supplemental request for *in camera* review. On April 5, 2001, the Court granted plaintiff's request for *in camera* inspection of the redacted documents.

## LEGAL ANALYSIS

### A. Legal Standard

FOIA provides citizens a statutory right of access to government information. As its basic premise, the Act establishes that government agency records should be accessible to the public. Accordingly, FOIA instructs government agencies to disclose agency records, unless the requested records fall within one of the Act's nine enumerated exemptions. In this case, the defendant has invoked Exemption 5 to justify the nondisclosure of the three documents.

 In a FOIA action, the Court may award summary judgment to the agency on the basis of affidavits when the affidavits describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981); *see also Vaughn v. Rosen,* 484 F.2d 820, 826 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). However, in this case the Court has exercised its discretion and has examined *in camera* the redacted documents so that its decision is not based on the affidavits of Ms. Stiefel, but rather, the Court has undertaken to make an independent assessment of defendant's claim of Exemption 5 and its claim that it could not

segregate any further portions of the documents.

### B. Adequacy of the Search

 Plaintiff disputes the adequacy of the agency's search because it yielded only three documents. When an agency's search for records is challenged, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [ ] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice,* 705 F.2d 1344, 1351 (D.C.Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits ..., as long as they are relatively detailed and nonconclusory and ... submitted in good faith." *Id.* (citations and quotations omitted). The affidavits must "set[ ] forth the search terms and the type of search performed, and aver[ ] that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990).

 Plaintiff argues that the search was not adequate for three reasons. First, plaintiff questions the adequacy of the search because the FTC produced only those documents which expressly reference the FTC's administrative proceeding against Trans Union, although plaintiff's request was broader in scope. Yet, this fact alone does not demonstrate that the FTC improperly limited its search. Plaintiff had requested documents which were "obtained by the FTC in connection with the FTC administrative proceeding, *In re Trans Union Corp.* No. 9255." It is, therefore, not surprising that the responsive documents would contain references to the proceeding against Trans Union, and this does not suggest that the FTC's has misinterpreted the request.

■ Second, plaintiff argues that the agency's search was inadequate because the employees who reviewed their documents were unqualified to perform such a search. Defendant submitted a declaration by Alyssa M. Stiefel, an attorney employed by the FTC and charged with responding to FOIA requests. Ms. Stiefel stated in her declaration that she reviewed some of the potentially responsive documents herself and requested that other employees involved in the GLB Act rulemaking forward any responsive documents to her for review. (Stiefel Decl. ¶¶ 5, 8–10.) Plaintiff argues that Kelli Cosgrove, an FTC employee primarily responsible for the GLB Act rulemaking, is the only employee qualified to determine whether materials were responsive to plaintiff's request, and that Ms. Stiefel failed to involve Ms. Cosgrove in the search process. However, Ms. Stiefel asserts in her affidavit that she contacted all persons involved in the GLB Act rulemaking. (Stiefel Decl. at ¶¶ 4, 10.) Therefore, while Ms. Stiefel does not mention Ms. Cosgrove by name, plaintiff fails to demonstrate that Ms. Cosgrove was not consulted regarding this FOIA request. On the contrary, the evidence could be construed to suggest that she was in fact involved because one of the documents is addressed to her. Furthermore, Ms. Stiefel, an attorney responsible for responding to FOIA requests, is qualified to perform this search. The Court declines to impose an additional burden on the agency by requiring that only persons with substantive knowledge of the subject matter are qualified to perform FOIA searches.

■ In its Supplemental Opposition, plaintiff also argues that the recent production of the Wagman document supports their challenge to the reasonableness of the search.[1]/ However, an agency's inability to locate every single responsive does not render an otherwise diligent search unreasonable. *See Western Ctr. for Journalism v. IRS*, 116 F.Supp.2d 1, 10 (D.D.C.2000) ("it is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law abiding agency is that the agency admit and correct error when error is revealed"); *see also Grand Central Partnership v. Cuomo*, 166 F.3d 473, 489 (2d Cir.1999). The fact that defendant subsequently produced an additional document does not demonstrate that the initial search was inadequate or performed in bad faith.

■ Finally, plaintiff argues that the Stiefel Declaration does not adequately describe the search because she provides "no explanation of the process by which she (or the other nine unidentified employees who apparently reviewed their own files and forwarded 'responsive' documents to Ms. Stiefel) culled through the various documents to identify what is 'responsive' to Trans Union's request." (Pl. Opp. at 4.) In cases where documents are collected from several different offices, unit-specific descriptions are not required, and the affi-

---

1. Plaintiff also charges that the fact that the document was held by Lawrence Wagman, an FTC attorney involved in the prosecution of Trans Union, "further highlights the relevance of the information sought to support Trans Union's challenge to the GLB Regulations, and further demonstrates the need for the Court's *in camera* inspection of the three redacted documents." However, plaintiff fails to demonstrate how this argument is relevant to its FOIA claim. The fact that Mr. Wagman was involved in both the prosecution of Trans Union and the GLB Act rulemaking in no way indicates that the documents at issue here are not properly exempt from disclosure under the deliberative process privilege. Moreover, the Court has made an *in camera* inspection of the three documents at issue, as requested by plaintiff.

davit of the officer ultimately responsible for the supervision of the FOIA search is sufficient. *Judicial Watch, Inc. v. United States Dep't of Health & Human Serv.*, 27 F.Supp.2d 240, 244 (D.D.C.1998). In her declaration, Stiefel gives a detailed description of the process by which she found documents responsive to plaintiff's request, including identifying all FTC employees who might have responsive documents, reviewing certain documents herself, and requesting that FTC employees forward all responsive documents to her. (Stiefel Decl. at ¶¶ 4–5, 8–10.) Similar search methods have been sustained as sufficient. *See Judicial Watch*, 27 F.Supp.2d at 241, 244 (finding search was adequate where agency forwarded request to appropriate offices with instructions to conduct searches for responsive documents); *Exxon Corp. v. Federal Trade Comm.*, 466 F.Supp. 1088, 1094 (D.D.C. 1978) (finding search was adequate where "[a]ll the offices that could have been in possession of responsive documents were sent copies of the request with instructions to search for responsive documents").

■■■ The agency has met its initial burden to demonstrate the adequacy of the search. Therefore, plaintiff can only rebut this showing with evidence that the agency's search was not made in good faith. *See e.g., Maynard v. CIA*, 986 F.2d 547, 559 (1st Cir.1993); *Miller v. United States Dep't of State*, 779 F.2d 1378, 1383 (8th Cir.1985). Plaintiff has failed to produce any evidence that the agency's search was made in bad faith, and plaintiff's unsupported allegations that the agency's search was inadequate or that the request was misinterpreted too narrowly are not sufficient to avoid summary judgment.

### C. Exemption 5

■■■ Plaintiff also challenges defendant's use of Exemption 5 to justify non-disclosure of documents. Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This provision "exempt[s] those documents, and only those documents, normally privileged in the civil discovery context." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *see also FTC v. Grolier, Inc.*, 462 U.S. 19, 26, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983); *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C.Cir.1987). The privileges that are incorporated into Exemption 5 are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. *See Sears*, 421 U.S. at 149, 95 S.Ct. 1504. Only the deliberative process privilege is at issue here.

■■■ The deliberative process privilege exempts from mandatory disclosure documents reflecting predecisional agency deliberations. In order for the deliberative process privilege to apply, a document must be (1) "antecedent to the adoption of an agency policy," *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 774 (D.C.Cir.1978), and (2) "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C.Cir.1975). Moreover, factual material contained within documents that are a part of the agency's decisionmaking process need not be segregated and disclosed. *See Dudman Communications Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568 (D.C.Cir.1987). "To the extent that predecisional materials, even if 'factual' in form, reflect an agency's preliminary positions or ruminations about how to exercise discretion on some policy mat-

ter, they are protected under Exemption 5." *Petroleum Information Corp. v. United States Dep't of the Interior,* 976 F.2d 1429, 1435 (D.C.Cir.1992). "[T]he key question in Exemption 5 cases [is] whether the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Dudman Communications,* 815 F.2d at 1568.

With this guiding principle in mind, the Court has reviewed the documents and concludes that the agency properly redacted them pursuant to the deliberative process exemption. The two-page memorandum by Lois Greisman, prepared on February 9, 2000,[2]/ and the two-page email from Dorothy Patton, prepared on February 15, 2000, were both antecedent to the promulgation of the GLB Act rule on May 24, 2000. As accurately stated by Ms. Stiefel in her declaration, the Greisman memorandum contains "the author's views, comments, and recommendations concerning the draft version of the GLB Act rules, including statements regarding the impact of the proposed rules, a discussion of the author's views regarding the relation of the rules to the GLB Act, and the author's views regarding several options that were being considered." (Stiefel's Decl. at ¶ 14.) The Patton email is also covered by the deliberative process exemption, because, as stated by Ms. Stiefel, it does contain "the author's views regarding the draft of the Commission's GLB Act rules, including comments regarding the specific impact of the rules, the wording of the rules, and the wording of the rules' supporting statement." (Stiefel's Decl. at ¶ 15.)

Furthermore, the fact that the Greisman memorandum flowed "from a subordinate employee to a superior officer" supports the conclusion that the document was predecisional. *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 868 (D.C.Cir.1980); *see also Access Reports v. Dep't of Justice,* 926 F.2d 1192, 1195 (D.C.Cir.1991); *Nadler v. United States Dep't of Justice,* 955 F.2d 1479, 1491 (11th Cir.1992) ("a recommendation to a supervisor on how to proceed is predecisional by nature"). The Circuit Court of Appeals has held that a series of memoranda to the Assistant Secretary of the Army from the General Counsel recommending legal strategy in light of a particular controversy is a classic case of deliberative process at work. *Murphy v. Dep't of the Army,* 613 F.2d 1151, 1154 (D.C.Cir.1979). The documents at issue in this case are copies of a memo from Greisman, attorney advisor to the FTC Chairman, and an email from Patton, employee of the General Counsel's office. These are analogous because they contain recommendations from subordinate legal advisors to the Commission regarding FTC responses to the GLB Act.

Plaintiff argues that these documents should be disclosed even if they are predecisional because the agency has failed to demonstrate that these documents were not adopted by the agency in the final rule. (Pl's Opposition, at 7–8.) However, plaintiff misstates the law on this issue. The agency does not have the burden of establishing that a document was not adopted by the agency. Rather, where it is unclear whether a recommendation provided the basis for the regulation, the recommendation is exempt from

---

**2.** While the document is dated 2/9/99, defendant notes that it is necessarily misdated, because the GLB Act was not enacted until November 1999. The memorandum should have been dated February 9, 2000.

disclosure. *Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 184–185, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975). A document loses its Exemption 5 protection only where the agency decisionmaker "chooses expressly to adopt or incorporate [it] by reference." *Sears,* 421 U.S. at 161, 95 S.Ct. 1504. There is no evidence before this Court that the recommendations of the documents' authors were expressly adopted by the FTC when they promulgated their rules pursuant to the GLB Act.

■ Finally, plaintiff argues that factual portions of the two documents could have been reasonably segregated. FOIA requires that "any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(a)(3)(C) (2000). Specifically, the D.C. Circuit has held that "nonexempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. United States Dep't of the Air Force,* 566 F.2d 242, 260 (D.C.Cir.1977). However, if the factual material is so inextricably intertwined with the exempt material, such that disclosure would leave "an essentially meaningless set of words and phrases," the entire record may be withheld. *Id.* at 261. After an *in camera* review of the documents, the Court is satisfied that no additional factual information is reasonably segregable.

## CONCLUSION

Having considered the pleadings and the entire record herein, the Court concludes that defendant is entitled to summary judgment. A separate Order accompanies this opinion.

## ORDER

Upon consideration of Defendant's Motion to Dismiss or for Summary Judgment [19–1 and 19–2], Plaintiff's Opposition, and Defendant's Reply, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment is hereby **GRANTED** and it is further

**ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**