**Ark ALLEN, Plaintiff,**

v.

**UNITED STATES SECRET
SERVICE, Defendant.**

**No. CIV. A. 03–1274 EGS.**

United States District Court,
District of Columbia.

Sept. 10, 2004.

James H. Lesar, Washington, DC, for Plaintiff.

James S. Carroll, III, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

## I. INTRODUCTION

Plaintiff Ark Allen, an author writing a book on the presidency of John F. Kennedy, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*. On May 27, 2000, plaintiff submitted a FOIA request to defendant the United States Secret Service ("Service" or "agency") requesting "all records on Judith Campbell Exner."[1] Compl. ¶ 4. In response, the Service released twenty-six pages of records, some of which were redacted, to plaintiff. Plaintiff appealed to the Service, arguing against both the deletions in the released records and the alleged failure of the Service to conduct an adequate FOIA search.

The Service ultimately denied plaintiff's appeal on the search issue, but did release additional material from the originally disclosed twenty-six pages. Compl. ¶¶ 7–9.

Pending before the Court are (1) defendant's motion for summary judgment and (2) plaintiff's motion to compel a further search and/or discovery on the search issue. The sole issue before the Court is whether the Service conducted an adequate search in response to plaintiff's FOIA request.[2]

Upon careful consideration of the motions, the responses and replies thereto, as well as the governing statutory and case law, and for the following reasons, it is by the Court hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED** and plaintiff's motion to compel a further search and/or discovery on the search issue is **DENIED**.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C.Cir.2002). In the FOIA context, the defending agency "must prove that each document that falls within the class re-

---

1. Plaintiff states that "Ms. Campbell, who subsequently became Mrs. Exner, allegedly had an affair with President John F. Kennedy, who she visited in the White House and elsewhere. She was also in touch with two Mafia figures, Sam Giacama and Johnny Rosselli, who at the time were working for the Central Intelligence Agency in anti-Castro operations." Pl.'s Mot. at 1.

2. Plaintiff originally appealed the Service's withholding, pursuant to FOIA Exemption 5,

of information in documents released in answer to the FOIA request. However, plaintiff now only challenges the adequacy of the initial search. *See* Pl.'s Mot. at 1–2 ("Plaintiff does not seek the minimal amount of material that has been withheld from the documents already produced on grounds that it is protected by Exemption 5, 5 U.S.C. § 552(b)(5). He hereby withdraws his request for that information in the documents provided him.").

quested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements" in order to prevail on summary judgment. *National Cable Television Ass'n, Inc. v. F.C.C.,* 479 F.2d 183, 186 (D.C.Cir.1973).

## III. ANALYSIS

### A. The Legal Standard Governing FOIA Searches

■■■ The Freedom of Information Act (FOIA) requires that federal agencies release all documents requested by members of the public unless the information contained within such documents falls within one of nine exemptions. 5 U.S.C. § 552(a), (b); *see also Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C.Cir. 2001) ("FOIA requires federal agencies to disclose, upon request, broad classes of agency records unless the records are covered by the statute's exemptions."). When, as here, the adequacy of the search for requested records is at issue, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dept. of Army,* 920 F.2d 57, 68 (D.C.Cir. 1990). As the Circuit has succinctly stated:

It is elementary that an agency responding to a FOIA request must conduct a search reasonably calculated to uncover all relevant documents, and, if challenged, must demonstrate beyond material doubt that the search was reasonable. The issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate. The adequacy of an agency's search is measured by a standard of reasonableness, and is dependent upon the circumstances of the case. If, however, the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper.

*Truitt v. Dep't of State,* 897 F.2d 540, 542 (D.C.Cir.1990) (internal quotation and footnotes omitted). An agency can establish the reasonableness of its search "through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith." *Miller v. U.S. Dept. of State,* 779 F.2d 1378, 1383 (8 th Cir.1985) (citing *Goland v. Central Intelligence Agency,* 607 F.2d 339, 352 (D.C.Cir.1978)).

### B. The Service's Search Was Reasonable

■■■ Defendant argues that it performed an adequate search in response to plaintiff's FOIA request, and avers it has demonstrated the reasonableness of its search through the declarations of Deputy Director Carlton Spriggs and Margaret M. Mannix, Special Agent in Charge of the Capitol Hill and Interagency Liaison and Freedom of Information and Privacy Acts Officer. Upon review of the affidavits, the Court agrees.

Defendant states that, pursuant to standard procedure, the Service's Freedom of Information Act and Privacy Act Office ("FOI/PA Office") first searched the Secret Service's Master Central Index ("MCI"). The MCI is "a computer database [that] . . . provides a system of record keeping of information for cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service." Spriggs Decl. ¶ 6. The database is searchable by name, and can be cross-referenced with date of birth and social security information. *Id.* The MCI search revealed that "neither 'Judith Campbell Exner' nor 'Judith Campbell' were of record with the Secret Service." Spriggs Decl. ¶ 7. The agency then searched the internal FOI/PA database,

which revealed three previous FOIA requests for the same information from 1992 and 1999; the three files (92–0195, 92–0196, and 99–0709) were indexed under the name Judith Eileen Katherine Exner.[3] Spriggs Decl. ¶ 8. The Service then determined that the 1992 files had been destroyed pursuant to the Service's document retention policy. Spriggs Decl. ¶ 9. Ultimately, twenty-six pages of material were released; this material was gathered from the located 1999 file and the hard copies of information pertaining to prior requests in the FOI/PA database. Spriggs Decl. ¶¶ 11–12.

Plaintiff, however, avers that there are "several major problems" with the search. Pl.'s Mot. at 5. First, plaintiff argues against the use of the MCI system, stating that it is unclear how far back the MCI's indexed files date, and that "records on Mrs. Exner created during the early 1960s when she had a relationship with President Kennedy were indexed manually rather than digitally." Pl.'s Mot. at 5. Second, plaintiff avers that the Service failed to search under the name "Judy Campbell" in addition to "Judith Campbell;" plaintiff argues that a search under the latter name would not locate references of the former name. *Id.* Finally, plaintiff argues that the Service has not made clear whether it employed all search methods necessary to locate files that may not be indexed in the MCI. Specifically, plaintiff states that the Service did not search the files of the Office of Protective Research/Protective Research Section ("PRS"). As evidence of the alleged inadequacy of the search, plaintiff notes that plaintiff's independent search of the National Archives and Records Administration ("NARA") database uncovered the existence of a Secret Service document from August 8, 1979. Lesar Decl. ¶ 7; Attachment B.

Each of these objections falls far short of establishing the Agency's search as unreasonable, as the Service's affidavits answer each objection. First, the Service states that the MCI system *does* index all existing agency records from the 1960s. Def.'s Response at 6–7; Mannix Decl. ¶ 6 ("The MCI came into existence in April of 1980, at which time data was transferred in four phases from paper indexes into the current computerized MCI system.");[4] Attachment 1 (detailing the four-phase transfer of paper records MCI index). Further, defendant submits that it has searched the PRS files, as the PRS records "are included in the records indexed in the MCI system." Def.'s Response at 8; Mannix Decl. ¶¶ 5, 8, 9. Finally, defendant states that the Service has now conducted a search under the name "Judy Campbell;" this additional MCI search "indicated that 'Judy Campbell' is also not of record with the Secret Service." Mannix Decl. ¶ 4.

■ In the FOIA context such underlying affidavits, absent a showing they are conclusory or made in bad faith, are afforded a presumption of good faith. *See, e.g., Hayden v. National Sec. Agency,* 608 F.2d 1381, 1387 (1979) (agency affidavits are given "substantial weight"); *Goland v. Central Intelligence Agency,* 607 F.2d 339, 352 (D.C.Cir.1978); *Judicial Watch, Inc. v. U.S. Dept. of Health and Human Services,* 27 F.Supp.2d 240, 243 (D.D.C.1998) (an

---

**3.** These previous files also concerned requests from James Lesar, plaintiff's attorney in the instant action. The previous requests were submitted by Mr. Lesar on behalf of Ms. Exner. Spriggs Decl. ¶ 10.

**4.** In their pleadings, both plaintiff and defendant, when quoting the Mannix declaration, insert the word "all" into paragraph 6, to read "The MCI came into existence in April of 1980, at which time all data was transferred in four phases from paper indexes into the current computerized MCI system." However, the Court's copy of the Mannix declaration does not contain the word "all."

agency's affidavits "are accorded substantial weight by district courts in making the de novo review required by FOIA"). Here, the Court finds no reason to doubt the veracity of the affidavits.

Properly relying on the Spriggs and Mannix affidavits, defendant makes clear that the "the MCI system is the most inclusive and efficient means of identifying any records containing information about individuals who may have been mentioned on the agency's investigative, protective and administrative files." Def.'s Response at 7. In the face of the agency's credible assertion that all paper records are now indexed in the MCI system, plaintiff questions whether "the kind of information being sought here was indexed" and whether "all pre-existing Secret Service records were accessed only through 'paper indexes.'" Pl.'s Reply at 1. Quite simply, raising these questions, without a concrete showing that there are other indexes or records that should have been searched, or a demonstration of actual doubt as to whether the system is comprehensive, does not raise a reasonable doubt about the adequacy of the search. *See, e.g., Judicial Watch, Inc. v. U.S. Dept. of Health and Human Services,* 27 F.Supp.2d 240, 244 (D.D.C.1998) ("Plaintiff's unsubstantiated suspicions ... are insufficient to call into question the adequacy of [the agency's] search and the truthfulness of its affidavit ... plaintiff cannot rely on mere unsubstantiated allegations of bad faith and unreasonable search procedures").[5]

Moreover, the fact that plaintiff was able to independently unearth *one* document from the National Archives and Records Administration does not establish the inadequacy of the search. While the agency's search must be reasonably calculated to produce the requested information, FOIA does not impose a requirement that *every* record be found; "[t]he issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block,* 684 F.2d 121, 128 (D.C.Cir.1982); *see also National Magazine, Washington Bureau v. U.S. Customs Service,* 71 F.3d 885, 892 n. 7 (D.C.Cir.1995); *Oglesby v. U.S. Dept. of Army,* 920 F.2d 57, 68 (D.C.Cir.1990) ("There is no requirement that an agency search every record system."). Accordingly, the fact that plaintiff discovered *one* document that *possibly* should have been located by the Service does not render the search process unreasonable.

The affidavits submitted here describe the search process specifically, make clear that the agency searched for the requested information using several names, and establish that all records that could be searched have been indexed in the central MCI system. A search of the comprehensive MCI system is a search method that could be "reasonably expected to produce the information requested." *Oglesby,* 920 F.2d at 68. Thus, while plaintiff may be correct that not every responsive document was found, there is not "substantial doubt as to the sufficiency of the search."

5. Likewise, plaintiff makes an argument that President Kennedy is not listed in the "System location" section of a Department of Treasury Notice of System Records. 66 Fed. Reg. 45362. Plaintiff thus argues that the "protection-related records of the Kennedy presidency" are not in the MCI USSS.007 system. Pl.'s Reply at 3. However, defendant relies on another section of the notice, "Categories of individuals covered by the system,"

and states that "all protection records from this [PRS] office ... are maintained in the USSS.007 Protection Information System of Records." Mannix Decl. ¶ 8. Plaintiff simply has not demonstrated where else defendant could have searched in response to the FOIA request, nor has he established that the MCI system was not inclusive of all existing PRS records.

*Truitt v. Department of State*, 897 F.2d 540, 542 (D.C.Cir.1990).

### C. Discovery is Not Warranted

 Relying on the alleged inadequacy of the Service's search, plaintiff argues that he should be permitted to take discovery on questions of "whether all records are indexed, how they are indexed ... how far back do the records [MCI] indexes go, [and] what exactly is a 'PRS case.'" This request is denied.

◼ It is well-settled in a FOIA action, the court must "deny discovery when the affidavits are sufficiently detailed and submitted in good faith. Further, discovery should be denied if the district court determines that plaintiff merely desires discovery as a means of finding 'something that might impugn the affidavits' submitted by the agency." *Kay v. F.C.C.*, 976 F.Supp. 23, 34 n. 35 (D.D.C.1997) (quoting *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836–837 n. 101 (D.C.Cir.1979)); *see also SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197 (D.C.Cir.1991). Here, the agency has submitted two detailed affidavits describing the search methods employed, and answering the questions posed by plaintiff. Plaintiff has not established that the affidavits are incomplete or made in bad faith. Accordingly, plaintiff simply has not demonstrated the need for discovery.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that defendant's search complies with FOIA requirements. Accordingly, it is by the Court hereby

**ORDERED** that defendant's motion for summary judgment is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiff's motion to compel a further search is **DENIED**; and it is

**FURTHER ORDERED AND ADJUDGED** that the Clerk shall enter final judgment in favor of defendant and against plaintiff on all claims; and it is

**FURTHER ORDERED** that the Clerk of the Court is directed to remove this case from the active calendar of the Court.