# CHARLESTON.

STATE *v.* LUTHER COLLINS

(No. 6365)

Submitted October 22, 1929. Decided October 29, 1929.
(Rehearing denied December 4, 1929)

*Daugherty & Daugherty*, for plaintiff in error.

*Howard B. Lee*, Attorney General, and *W. Elliott Nefflen*, Assistant Attorney General, for the State.

WOODS, PRESIDENT:

Convicted by a jury in the common pleas court of Cabell county of an attempted rape and sentenced to confinement for five years in the penitentiary, on an indictment for statutory rape, and being refused a writ of error by the circuit court, defendant, Luther Collins, prosecutes error to this Court.

According to the State's evidence, the prosecutrix was born July 5, 1912, and was, therefore, under sixteen years of age on the date of the alleged rape, to-wit, May 1, 1928. The prosecutrix testified that Luther Collins, while doing the feeding at her father's barn on the latter date, made arrangement for her and her fifteen year old aunt, Evelyn Chaney, to go out with him and Wes Ramsey that night, and that they agreed to go after being told that "there wouldn't nobody bother us". She further testified that she and Evelyn got out of bed about ten or eleven o'clock, and met defendant and Ramsey at a barn some little distance away; that all four got

in Collin's car—she taking the front seat with Collins, and the Chaney girl the back seat with Ramsey; that they passed through Milton (a village four miles from her house) and stopped near a barn; that both couples entered the barn and climbed into the hay-loft; that she and Collins went over to one side of the loft and the other couple to another point some ten feet away; that Collins had intercourse with her; that they were in the barn from about twelve o'clock until four. Evelyn states that she and her niece got out of the car shortly after four o'clock in the town of Milton, and arrived at Mrs. Cooper's about five; and that they were taken back by the prosecutrix's father that evening.

Collins states that he is thirty-two years of age, married and that he has a family of seven children, and that Wes Ramsey is also married and has six children. Collins' testimony accords with that of the prosecutrix in every material respect regarding the meeting, trip, etc., except that he insists he took the girl out at her instance and that he did not have intercourse with her. He states that the prosecutrix approached him about taking her to Milton, saying that she was leaving home because her father had whipped her, and that "I said if you go you will have to go in your own consent." He states that the girls upon reaching Milton said that they were going to Mrs. Coopers, and upon getting there late in the night "she (prosecutrix) wanted to stay out and spend the night, out any where to spend the night without disturbing someone." That they went in the barn because the girls got cold. And in explaining why he did not let the girls out at Mrs. Coopers, states that "They didn't want us to go with them after they staid out so late. The request was, she didn't want Mrs. Cooper to see us all together."

All the evidence against the accused tended to prove the commission of rape. The jury found him guilty of an attempt to commit the offense. Counsel for defendant contends that while there is undeniably evidence sufficient to show the consummated act in so far as the proof of the state is concerned, there is no testimony to establish an ineffectual attempt of which the jury found him guilty. As a logical se-

quence we are asked to set aside the verdict as being without evidence to support it.

16 Corpus Juris, p. 271, states the rule: "It is also the almost universally accepted doctrine that an acquittal or a conviction of a minor offense included in a greater will bar a prosecution for the greater, if on an indictment for the greater defendant could be convicted of the lesser." This is based upon the theory that defendant, having been convicted of the lesser offense, could not be convicted of the greater, because the commission of the lesser was a constituent element in the perpetration of the greater. Therefore, one who is convicted of a crime less in degree than the offense for which he is indicted is by implication acquitted of the greater offense and may plead the acquittal as a bar to a subsequent trial for it, even though the conviction is reversed on appeal. For example, a conviction for manslaughter bars a prosecution for murder. 1 Bish. New Crim. Law, sec. 1056; Whar. Crim. Pl. & Prac., sec. 405. After reviewing the authorities, this Court in *State* v. *Cross*, 44 W. Va. 315, held to this effect even where the verdict was silent as to murder. So, we may conclude that the same rule applies wherever minor offenses are included in the major offense. Our statute (Chapter 159, section 22, Code) expressly provides that on an indictment for felony, the jury may find the accused not guilty of the felony, but guilty of an attempt to commit such felony; and a general verdict of not guilty upon such indictment shall be a bar to a subsequent prosecution for an attempt to commit such felony. Hence, under an indictment for rape, an attempt being included in, or a part of the offense charged, a conviction therefor would be an acquittal of the principal or major offense. *Cates* v. *Commonwealth*, 111 Va. 837.

Under an application of the foregoing doctrine, the defendant here upon a second trial could not be convicted of the major felony charged in the indictment, but the state would be confined to the charge of an attempt to commit such felony. If we upheld the contention of the defendant that the verdict could not be sustained because of want of evidence to support it, the same rule applied on another trial would lead inevitably to his discharge from further prosecu-

tion under the indictment. Justice would be mocked by such a holding. However, this Court has made answer to the identical doctrine invoked here.

The case of *State* v. *Prater*, 52 W. Va. 132, is directly in point. There the jury found the defendant guilty of manslaughter where the evidence warranted a conviction of murder. JUDGE POFFENBARGER, speaking for the Court, in his usual trenchant style, said: "They [the jury] illegally acquit and discharge the accused as to the higher degree of crime charged in the indictment, after having found the [defendant] guilty. They have not exceeded the law but stopped short of the law and their duties. In other words, without warrant of law or moral right, they have exercised clemency, and dispensed what they conceived to be mercy." The conclusion reached by the Court in that case upon the motion made by the defendant for a new trial was that the evidence and facts tending to prove murder were proper to be considered, and as it was found that there was sufficient evidence to have upheld a verdict of guilty of murder, had the jury rendered such a verdict, the verdict which the jury did find could not be set aside, unless for some error sufficient to reverse; consequently, the case was affirmed. So we may conclude, in accord with both law and reason, that the defendant here cannot complain that the jury found him guilty of an attempt to commit the offense, where the evidence warranted a verdict of guilty of a commission of the offense.

Did the court err in refusing to grant the defendant a continuance? As the charge here was statutory rape, the age of the prosecutrix became a vital ingredient of the offense. On this question, in addition to the testimony of the girl's father and mother, there was introduced in evidence a book from the home, in which the record of the births of the children (including prosecutrix) was kept; the record of the attending physician; and a copy from the record in the county clerk's office based on said physician's return thereto—all of which indubitably established the fact that she was below the age of sixteen years at the time of the commission of the offense charged in the indictment. The defendant sought to show that she was in fact seventeen years of age. He mainly relied

for a continuance upon the testimony of one absent witness, who would have stated, that she was at the home of the parents of the prosecutrix in the year fixed by the state as the year of her birth, and that the prosecutrix was at that time ten or twelve months old, playing around the house. Not only was the proposed testimony cumulative on the issue of age, but had it been produced there could not have been a different result in view of the strong case made by the state on this question. The trial court, by its action in refusing a continuance, clearly did not abuse its discretion to the prejudice of the movant therefor. *State* v. *Bailey,* 103 W. Va. 605; *State* v. *Bridgeman,* 88 W. Va. 231.

Other assignments of error relied on relate to the admission and rejection of testimony. The defendant's chief reliance is on the action of the court in refusing to permit him to show that the prosecutrix had on occasions made declarations to others that contradicted her testimony on a material point, in this, that the defendant had not had anything to do with her, and that she was compelled by her father to make the charge against him. From an examination of the record, this proffered testimony was rightly refused by the court because the foundation was not properly laid for its introduction. But, in view of the crass story told by the prisoner in his defense, we cannot see that he would have benefitted had the legal impediment to its introduction been removed and the evidence admitted. His association with the two girls of such tender years, under the revolting circumstances detailed by him, speak so strongly, that the effect of his weak denial of actual intercourse with the prosecutrix is overborne. Other objections are made to the court's refusal to admit evidence. Without discussing these assignments, we state our conclusion that they are devoid of merit.

The court accorded the defendant a fair trial. Although the jury, according to our view of the evidence, fell short of doing their full duty under the law by convicting him of a lesser degree of offense than that of which he was guilty, their verdict as returned must stand.

*Affirmed.*