423 S.E.2d 859

**AT & T COMMUNICATIONS OF WEST VIRGINIA, INC., Appellant,**

v.

**The PUBLIC SERVICE COMMISSION OF WEST VIRGINIA, Appellee,**

**West Virginia Cellular Telephone Corporation, Consumer Advocate of the Public Service Commission, Intervenors.**

**No. 21110.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Oct. 22, 1992.

---

1. *W.Va.Code*, 8–27–2(e) provides: "This article ... shall be liberally construed[.]"

Mark A. Keffer, Fairfax, Va., for appellant.

Steven Hamula, Charleston, for appellee.

Robert R. Rodecker, McDonald & Rodecker, Charleston, for West Virginia Cellular Telephone Corp.

Helen M. Hall, Washington, D.C., for U.S. Sprint.

Robert Lopardo, Washington, D.C., for MCI Telecommunications Corp.

David K. Hall, Charleston, for C & P Telephone Co.

Terry D. Blackwood, Charleston, for Consumer Advocate of the Public Service Com'n.

NEELY, Justice:

We are faced with a dispute between telephone companies who do business in West Virginia and the Public Service Commission (PSC). The PSC requires all utilities doing business in the State to file annual reports; the companies are willing to

file annual reports so long as their competitors do not have access to the information contained within the reports. AT & T Communications of West Virginia, Inc. (AT & T) petitioned the PSC for a protective order covering *all information* in its annual report. We believe AT & T must be more specific in its request, and therefore remand the case to the Public Service Commission for further proceedings.

It seems that the real issue in this case is not the status of the law surrounding privilege, but something much more fundamental: the role of the Public Service Commission in regulating competitive industries. AT & T, U.S. Sprint, and MCI contend that they are in a competitive industry; thus there is no need for a regulatory body to oversee the industry and impose rules that do nothing but hinder competition. The PSC agreed with this position when it "streamlined" its regulation of the long-distance industry.[1]

■ Under the Legislature's grant of authority to the Public Service Commission in *W.Va.Code* 24-2-9 [1991],[2] the PSC may compel all organizations subject to its regulation to prepare such reports as the PSC demands. Furthermore, the PSC is required to preserve these reports and to publish an annual statistical tabulation of the information provided. The PSC is not required to print every word of the reports, but the PSC has the authority to print every word if it so desires.

■ The PSC applies the same standards that the courts apply in determining what information should be covered by protective orders. *Appalachian Power Co.,*

38 P.U.R. 4th 73 (1980); *C & P Telephone Co.,* 68 P.U.R. 4th 163 (1985). That standard is embodied in Rule 26(c), *WVRCP:*

> (c) *Protective orders.* Upon motion by a party or by the person from whom discovery is sought, *and for good cause shown,* the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> ... (7) That a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way. [Emphasis added.]

We have required those seeking protective orders to make more than a mere assertion of privilege before a protective order will be granted:

> Issuance of a broad protective order, based upon the assertion of a blanket privilege against discovery, without scrutiny of each proposed area of inquiry and without giving full consideration to a more narrowly drawn order constitutes abuse of discretion under West Virginia Rule of Civil Procedure 26(c).

Syl. pt. 7, *Bennett v. Warner,* 179 W.Va. 742, 372 S.E.2d 920 (1988). AT & T's blanket assertion of privilege is far too broad to stand without a more specific showing as to the need for the protective order.

■ The specific showing that would justify a protective order is adumbrated by our standard interpretation of Rule 26(c):

> rations or municipalities, subject to the provisions of this chapter, to furnish any information which may be in their possession, respecting rates, tolls, charges or practices in conducting their service, and to furnish the commission at all times for inspection any books or papers or reports and statements, which reports and statements shall be under oath, when so required by the commission, and the form of all reports required under this chapter shall be prescribed by the commission (except as provided in section five [§ 24-3-5], article three of this chapter). The commission shall collect, receive and preserve the same, and shall annually tabulate and publish the same in statistical form.

---

**1.** The Commission held in *M.C.I. Telecommunications,* 75 P.U.R. 4th 487 (1986):

> In our opinion, ease of entry, presence of other interexchange carriers and choices among service offerings are sufficient evidence of workable competition. Regulation is a substitute for competition, but when a workable level of competition exists, as we find that it does in West Virginia, regulation can be streamlined accordingly.

30 June 1986 Order, at 12.

**2.** *W.Va.Code* 24-2-9 [1991] provides in full:

> The commission may at any time require persons, firms companies, associations, corpo-

"The rule [Rule 26(c)] requires that good cause be shown for a protective order. This puts the burden on the party seeking relief to show some plainly adequate reason therefor. The courts have insisted on *a particular and specific demonstration of fact,* as distinguished from stereotyped and conclusory statements, in order to establish good cause." 8 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2035 at 264–65 (1970) (footnote omitted). [emphasis added]

*State ex rel. Shroades v. Henry,* 187 W.Va. 723, 728, 421 S.E.2d 264, 269 (1992). Therefore, AT & T, MCI, West Virginia Cellular Telephone Corp. and U.S. Sprint, need to make a "particular and specific demonstration of fact" as to how they will be injured by each disclosure. Although a utility is not required to prove "actual harm" to a certainty in order to obtain a protective order, a utility must make a credible showing of likely harm to justify a protective order.

▇▇▇ However, the PSC is not a court, but an administrative agency. As an administrative agency, the PSC has a responsibility to disclose as much information to the public as it can. The PSC's standard for determining the likely harm from disclosure is governed by the Freedom of Information Act, *W.Va.Code,* 29B–1–1, *et seq.* [1977]. The general policy of this act is to allow as many public records as possible to be available to the public.[3] Recognizing the needs of business for privacy of some information, the Legislature has created an exception for "trade secrets":

The following categories of information are specifically exempted from disclosure under the provisions of this article:

(1) Trade secrets, as used in this section, which may include, but are not limited to, any formula, plan pattern, process, tool, mechanism, compound, procedure, production data, or *compilation of information which is not patented which is known only to certain individuals within a commercial concern* who are using it to fabricate, produce or compound an article or trade or a service or to locate minerals or other substances, having commercial value, and *which gives its users an opportunity to obtain business advantage over its competitors;* ... [emphasis added]

*W.Va.Code,* 29B–1–4 [1977]. The party claiming that certain information is protected by this exception has the burden of making a credible showing that a trade secret, expansively defined, is in jeopardy. *Queen v. West Virginia Univ. Hosps.,* 179 W.Va. 95, 365 S.E.2d 375 (1987) (burden of proof rests on party claiming exemption); *Robinson v. Merritt,* 180 W.Va. 26, 375 S.E.2d 204 (1988) (clear and convincing evidence required).

For the foregoing reasons, the cases involving every party and intervenor in this litigation are remanded to the Public Service Commission for proceedings consistent with this opinion.

---

3. *W.Va.Code* 29B–1–1 provides in full:

Pursuant to the fundamental philosophy of the American constitutional form of representational government which holds to the principle that government is the servant of the people, and not the master of them, it is hereby declared to be the public policy of the state of West Virginia that all persons are, unless otherwise expressly prohibited by law, entitled to *full and complete information regarding the affairs of government* and the official acts of those who represent them as public officials and employees. *The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know.* The people insist on remaining informed so that they may retain control over the instruments of government they have created. To that end, the provisions of this article shall be liberally construed with the view of carrying out the above declaration of policy. [Emphasis added.]