599 S.E.2d 835

**Jeff FARLEY, Appellant, Plaintiff below,**

v.

**Mayor Harold WORLEY, in His Official Capacity as Mayor for the City of Mullens, and the City of Mullens, Appellees, Defendants below.**

No. 31629.

Supreme Court of Appeals of West Virginia.

Submitted April 28, 2004.

Decided June 23, 2004.

Concurring and Dissenting Opinion of Justice Starcher June 25, 2004.

---

Starcher, J., concurred in part and dissented in part and filed opinion.

Jason E. Huber, Foreman & Huber, Charleston, West Virginia, Attorney for the Appellant.

W. Richard Staton, Moler & Staton, L.C., Jessica L. Toler, Mullens, West Virginia, Attorneys for the Appellees.

DAVIS, Justice:

Jeff Farley (hereinafter "Mr. Farley") appeals a denial of attorneys fees in a Freedom of Information Act (hereinafter "FOIA") case he filed against the City of Mullens and its Mayor, Harold Worley (hereinafter collectively referred to as "the City"). Having read the briefs, reviewed the record, examined the authorities, and heard argument, we reverse the circuit court's decision and remand this case for an award of an appropriate amount of attorney's fees.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Farley sent a letter to the City on July 24, 2002, requesting a list of the names of the businesses and individuals who owed delinquent Business and Occupation Taxes (hereinafter "B & O Taxes") to the City and the amount each owed. He also sought a list of the names of businesses and individuals who owed delinquent garbage and sewage bills and the amount they owed. The City replied on July 25, 2002, that the City had a policy to deal with tax delinquencies while protecting the privacy rights of individuals "who may for many different reasons have to be slow in making payments."

On August 12, 2002, Mr. Farley sent another letter to the City referencing his July 24 letter. The August 12 letter also specifi-

cally cited FOIA and referenced the opinion in *Town of Burnsville v. Cline*, 188 W.Va. 510, 425 S.E.2d 186 (1992), holding that it would not violate the privacy of taxpayers to permit a review of the roll of B & O taxpayers. It also cited our opinion in *Daily Gazette Co. v. West Virginia Development Office*, 198 W.Va. 563, 482 S.E.2d 180 (1996), discussing the *Vaughn* index.[1]

The City replied to the August 12 letter on the same day. The City's response denied the July 22 request because "B & O Tax information is confidential and is exempt from disclosure pursuant to the Freedom of Information Act." The letter also detailed that "citizens have a legitimate expectation of privacy of the information provided to the city government." The City's response also stated that "[o]ur attorney is aware of the cases you cited in your letter."

Mr. Farley then sued alleging the City violated FOIA because: 1) it did not disclose the requested documents; 2) it did not provide a redacted version of the documents; or, 3) it did not provide an index which specifically identified each document and the exemption which the City relied upon in denying disclosure. The City filed an answer and a motion to dismiss alleging that tax information is confidential and exempt from disclosure under FOIA. After some discovery, Mr. Farley filed a motion for summary judgment.

On December 17, 2002, the circuit court heard arguments on the motion to dismiss and the motion for summary judgment.[2] After this hearing, but before the circuit court entered any order, Mr. Farley sought attorney's fees pursuant to FOIA's fee-shifting section, W.Va.Code § 29B–1–7. He requested $262.48 for costs and $6,060.00 in attorney's fees for 30.3 hours his counsel expended at $200.00 an hour.

On March 11, 2003, the circuit court, properly recognizing that it was reviewing the City's motion to dismiss by looking beyond the pleadings, construed the motion to dismiss as one for summary judgment. It

---

1. We discuss the *Vaughn* index requirement in depth below in section III.B of this opinion

2. A transcript of this hearing is not included in the record. Our recitation of the facts is drawn from the final order granting summary judgment in this case.

granted the City summary judgment and denied Mr. Farley attorney's fees.

In its order, the circuit court found that, at the hearing, Mr. Farley for the first time offered a compromise and that the litigation likely may have been avoidable if he had been so amenable before suing.[3] The circuit court then found that Mr. Farley was entitled to a list showing delinquent B & O tax amounts owed that did not include the names of taxpayers and without any identifying information. The court also directed the City, if Mr. Farley desired, to supply the Court with a roll of taxpayers which Mr. Farley could review in the court's chambers, but not including any tax return information, pursuant to *Town of Burnsville v. Cline*, 188 W.Va. 510, 425 S.E.2d 186 (1992).

As to the garbage and sewer fees, the court found this information to be exempt under W. Va.Code §§ 29B-1-4(a)(5) (2003) (Supp.2003) and 11-10-5d(a) (2002) (Repl. Vol.2003).[4] However, the court found that Mr. Farley was entitled the total amount of the delinquencies. The court directed the City to provide Mr. Farley a list of amounts owed for garbage and sewer delinquencies for each tax period, but not including account numbers and names, in response to Mr. Farley's narrowed FOIA request.

Having set out the substantive rulings, the circuit court then turned to attorney's fees. The court found that Mr. Farley "has not substantially prevailed in this matter" because he "did not make a request that the Defendants could lawfully comply with until the hearing in this matter." The circuit court then found the City did honor Mr. Farley's narrowed request made at the summary judgment hearing. Because the City honored what the circuit court characterized as a legal request, the circuit court denied fees.

---

**3.** Strangely, the circuit court then also found that Mr. Farley still requested at the hearing specific taxpayer information and that this request was still "contrary to law."

**4.** W. Va.Code § 29B-1-4(a)(5) provides that "[i]nformation specifically exempted from disclosure by statute" is exempted from disclosure under FOIA. W. Va.Code § 11-10-5d(a) provides for confidentiality of tax returns.

## II.

### STANDARD OF REVIEW

In this case, the circuit court considered the City's motion to dismiss in light of matters outside of the pleadings. The circuit court then properly construed the City's motion to dismiss as a motion for summary judgment.[5]

■■■ "Summary judgment is the preferred method of resolving cases brought under FOIA." *Evans v. Office of Personnel Mgt.*, 276 F.Supp.2d 34, 37 (D.D.C.2003). In FOIA cases, "the same standard of appellate review applicable generally to summary judgments" is utilized. *Petroleum Info. Corp. v. United States Dep't of the Interior,* 976 F.2d 1429, 1433 (D.C.Cir.1992) (R.B. Ginsburg, J.). However, FOIA summary judgment is viewed through the evidentiary burden placed upon the public body to justify the withholding of materials. *See id.* ("In performing that review, however, we are mindful that the 'burden is on the agency' to show that requested material falls within a FOIA exemption." (citation omitted)); *Valencia–Lucena v. United States Coast Guard,* 180 F.3d 321, 326 (D.C.Cir.1999) ("At the summary judgment stage, ... the agency has the burden to show that it acted in accordance with the statute[.]"). *See also* W. Va.Code § 29B-1-5(2) (1977) (Repl.Vol.2003) ("[T]he burden is on the public body to sustain its action."); *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 62, 459 S.E.2d 329, 339 (1995) ("[I]n making a ruling, 'the judge must view the evidence presented through the prism of the substantive evidentiary burden.'" (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202, 215 (1986)).

---

**5.** West Virginia Rule of Civil Procedure 12(b) provides in pertinent part:

> If on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]

■ Our standard of review for summary judgment orders is well-established. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). It is equally well-established that, as here, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). *Cf.* W. Va.Code § 29B-1-5(2) (in reviewing a public body's actions in response to a FOIA request, "[t]he court shall determine the matter de novo[.]"). Having set forth the parameters of our review, we turn to the merits of the case.

## III.

## DISCUSSION

■ This case involves FOIA's fee-shifting section which provides:

Any person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five of this article shall be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

W. Va.Code § 29B-1-7. Both sides agree that our interpretation of this provision as contained in Syllabus point 7 of *Daily Gazette Co. v. West Virginia Development Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999) (hereinafter *"Daily Gazette II"*), is controlling here. In Syllabus point 7 of *Daily Gazette II*, we held:

For a person to have brought a suit for the disclosure of public records under the West Virginia Freedom of Information Act (FOIA), as permitted by W. Va.Code § 29B-1-5 (1977) (Repl.Vol.1998), so as to entitle him/her to an award of attorney's fees for "successfully" bringing such suit pursuant to W. Va.Code § 29B-1-7 (1992) (Repl.Vol.1998), he/she need not have prevailed on every argument he/she advanced

during the FOIA proceedings or have received the full and complete disclosure of every public record he/she wished to inspect or examine. An award of attorney's fees is proper even when some of the requested records are ordered to be disclosed while others are found to be exempt from disclosure or are released in redacted form. In the final analysis, a successful FOIA action, such as would warrant an award of attorney's fees as authorized by W. Va.Code § 29B-1-7, is one which has contributed to the defendant's disclosure, whether voluntary or by order of court, of the public records originally denied the plaintiff.

It is at this point that the parties diverge. Mr. Farley contends that he successfully brought suit pursuant to W. Va.Code § 29B-1-5(1) [6] because the City originally denied him access to any records, and, at the end of the litigation he had access to the records he sought, albeit in a redacted form. The City, of course, disagrees. It argues that Mr. Farley's FOIA request originally sought information protected from disclosure under FOIA so it had no duty to disclose any documents. The City also says it had no *sua sponte* duty to turn over any redacted records. Rather, the City argues that it was not until the summary judgment hearing that Mr. Farley requested redacted records. The City asserts that this was the only legal request that Mr. Farley made and that it was only in response to this narrowed request that the City was obligated to provide redacted records-not as a result of the litigation. Finally, the City asserts it had no duty to produce a *Vaughn* index as such an index is required only when the public body relies upon FOIA's internal memorandum exception codified at W. Va.Code § 29B-1-4(8) in refusing to provide the requested records. We reject the City's arguments.

### A. The Sua Sponte Duty to Segregate or Redact

■ FOIA's policy declaration provides:

6. W. Va.Code § 29B-1-5(1) provides, "[a]ny person denied the right to inspect the public record of a public body may institute proceedings for

injunctive or declaratory relief in the circuit court in the county where the public record is kept."

Pursuant to the fundamental philosophy of the American constitutional form of representative government which holds to the principle that government is the servant of the people, and not the master of them, it is hereby declared to be the public policy of the state of West Virginia that all persons are, unless otherwise expressly provided by law, entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments of government they have created. To that end, the provisions of this article shall be liberally construed with the view of carrying out the above declaration of public policy.

W. Va.Code § 29B–1–1. " 'Without question, the Act is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." ' *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151–52, 110 S.Ct. 471, 475, 107 L.Ed.2d 462, 471 (1989) (quoting *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119, 128 (1973)). Consistent with the Legislature's broad directives, we have held "[t]he disclosure provisions of this State's Freedom of Information Act, *W. Va.Code*, 29B–1–1 *et seq.*, as amended, are to be liberally construed, and the exemptions to such Act are to be strictly construed. *W. Va.Code*, 29B–1–1 [1977]." Syl. pt. 4, *Hechler v. Casey*, 175 W.Va. 434, 333 S.E.2d 799 (1985). We believe the circuit court erred by giving Mr. Farley's initial FOIA request far too narrow a construction and implicitly holding that unless a FOIA requestor specifically asks for redacted information, that redacted information need not be provided.

Previously we have looked to federal FOIA cases for guidance in interpreting the West Virginia Freedom of Information Act. *See Daily Gazette Co. v. West Virginia Develop. Office*, 198 W.Va. 563, 571, 482 S.E.2d 180, 188 (1996) (hereinafter *"Daily Gazette I "*) ("Recognizing the close relationship between the federal and West Virginia FOIA, we note, in particular, the value of federal precedents in construing our state FOIA's parallel provisions."). We do so again here.[7]

■■■■ The FOIA's declaration of policy provides that all persons are "entitled to full and complete *information* regarding the affairs of government and the official acts of those who represent them as public officials and employees." W. Va.Code § 29B–1–1 (emphasis added). Moreover, FOIA defines a "public record" as "any writing containing information relating to the conduct of the public's business, prepared, owned and retained by a public body." W. Va.Code § 29B–1–2(4). And, while observing that FOIA's policy "is to allow as many public records as possible to be available to the public[,]" our recognition as to the disclosure of documents originated from the broader recognition that agencies have "a responsibility to disclose as much information to the public as [they] can." *AT & T Comm'n v. Public Serv. Comm'n*, 188 W.Va. 250, 253, 423 S.E.2d 859, 862 (1992) (footnote omitted). Indeed, FOIA itself recognizes that those invoking its provisions seek not documents, but information. W. Va.Code § 29B–1–3(4) ("All requests for information must state with reasonable specificity the information sought."). In short, "[t]he focus of the FOIA is information, not documents[.]" *Mead Data Cent., Inc. v. Department of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). *Accord Church of Scientology Intern. v. United States Dep't of Justice*, 30 F.3d 224, 232 (1st

---

**7.** Our following discussion draws heavily from the United States Court of Appeals for the District of Columbia Circuit since we find these cases highly persuasive given that Circuit's substantial expertise and experience in dealing with FOIA. *See, e.g., Cooper Cameron Corp. v. United States Dep't. of Labor*, 280 F.3d 539, 543 (5th

Cir.2002) (recognizing that the D.C. Circuit is the "federal appellate court with the most experience [in the FOIA] field[.]"); *In re Scott*, 709 F.2d 717, 720 (D.C.Cir.1983) (per curiam) (noting that Congress has recognized the D.C. Circuit has " 'substantial expertise' in working with the FOIA[.]")

Cir.1994); *City of Virginia Beach v. United States Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir.1993); *Willamette Indus., Inc. v. United States*, 689 F.2d 865, 867 (9th Cir.1982); *Northern Cal. Police Prac. Project v. Craig*, 90 Cal.App.3d 116, 123–24, 153 Cal.Rptr. 173, 178 (1979) (interpreting state Public Records Act consistently with Federal FOIA and quoting *Mead Data*, 566 F.2d at 260). Consequently, "[o]ne should normally presume that a request for information under the FOIA is a request for all or any, not for all or none, of the information described." *Public Citizen Health Research Group v. FDA*, 185 F.3d 898, 907 (D.C.Cir.1999).[8]

▆▆▆▆▆ Courts have held that a FOIA request seeking records containing both exempt and non-exempt information without the request specifying that redacted records will be acceptable must be treated as a request for the production of *any* non-exempt information contained in a public record otherwise reasonably falling within the request. In other words, "an entire document is not exempt merely because an isolated portion need not be disclosed. Thus the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information." *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C.Cir.1973) (footnotes omitted).[9] Indeed, recognizing that "[i]t is quite

possible that part of a document should be kept secret while part should be disclosed[,]" *id.*, the District of Columbia Circuit has thus long held " 'that nonexempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.' " *Billington v. United States Dep't of Justice*, 233 F.3d 581, 586 (D.C.Cir.2000) (quoting *Trans–Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1027 (D.C.Cir.1999)). *See also FBI v. Abramson*, 456 U.S. 615, 626, 102 S.Ct. 2054, 2062, 72 L.Ed.2d 376, 386 (1982) (FOIA "requires agencies and courts to differentiate among the contents of a document rather than to treat it as an 'indivisible' record for FOIA purposes.").[10] Thus, "[e]ven if the requester does not raise the issue of segregability at the administrative level or before the court .... an agency must adequately demonstrate to the court that all reasonably segregable, non-exempt information ... was disclosed." U.S. Dep't of Justice, Office of Inform. & Privacy, *Freedom of Information Act Guide & Privacy Act Overview* 70–71 (2002) (footnotes omitted). *Accord* 1 Burt A. Braverman & Frances J. Chetwynd, *Information Law* 159 (1985) ("The agency response to the FOIA request letter should describe its compliance with the mandate to review withheld documents for segregable disclosable portions." (footnote omitted)).

---

**8.** Of course, that information must still be contained in a public record, since FOIA only provides a right "to inspect or copy any public record of a public body of this state[.]" W. Va.Code § 29B–1–3(1). *See Forsham v. Harris*, 445 U.S. 169, 185, 100 S.Ct. 977, 987, 63 L.Ed.2d 293, 307 (1980) ("The Freedom of Information Act deals with 'agency records,' not information in the abstract."); *Manns v. City of Charleston*, 209 W.Va. 620, 626, 550 S.E.2d 598, 604 (2001) (per curiam) (Starcher, J., concurring) ("[T]he West Virginia FOIA grants access to most public records but the Act does not grant access to or 'cover' information that is not already in existing public records." (emphasis deleted)).

**9.** Indeed, the West Virginia FOIA is consistent with this view. FOIA's exemption provision does not speak in terms of records or documents being exempt; rather, it provides that "the following categories of information are specifically exempt from disclosure[.]" W. Va.Code § 29B–1–4(a). *See Judicial Watch v. United States Dep't of Health and Hum. Serv.*, 27 F.Supp.2d 240, 246

(D.D.C.1998) ("Five years ago in *Krikorian*, [*v. Department of State*, 984 F.2d 461,] 466–67 [ (D.C.Cir.1993),] the Court of Appeals explained that a district court's review of an agency's decision to withhold material under a FOIA Exemption must focus on withheld *information* and not merely on withheld documents.").

**10.** The federal FOIA codifies this judicially crafted rule. *See Department of the Air Force v. Rose*, 425 U.S. 352, 373–74, 96 S.Ct. 1592, 1605, 48 L.Ed.2d 11, 28 (1976) (finding that 1974 FOIA amendment adding 5 U.S.C. § 552(b) that directs " '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection[,]" ' was an explicit Congressional agreement "with judicial decisions requiring the disclosure of nonexempt portions of otherwise exempt files[.]" ' (footnotes omitted)); 1 Burt A. Braverman & Frances J. Chetwynd, *Information Law* 158–59 (1985) (5 U.S.C. § 522(b) "endorsed several decisions in the District of Columbia Circuit[.]" (footnote omitted)).

This Court's opinions have followed this same reasoning. For example, in *Town of Burnsville v. Cline*, 188 W.Va. 510, 425 S.E.2d 186 (1992), the town sought to prohibit the release of B & O tax information. While recognizing in Syllabus point 4 that under W. Va.Code § 11–10–5(d)(a) "the legislative intent to keep confidential the contents of all tax returns, including B & O tax returns, is clear," we further recognized in Syllabus point 5 that

> [i]t would not violate the confidentiality requirements of W. Va.Code § 11–10–5d(a) to permit a review of the role of B & O taxpayers since every person or company involved in a business or occupation is assumed to pay B & O taxes, and the list would contain only the names of the taxpayers, not the actual contents of the tax returns.

Consequently, we accepted that FOIA provides for the segregability of information.

Similarly, in *Ogden Newspapers, Inc. v. City of Williamstown*, 192 W.Va. 648, 453 S.E.2d 631 (1994), a newspaper made a FOIA request to review a redacted police report concerning two juveniles involved in a gunfight. We found that the newspaper was entitled to the redacted report, notwithstanding FOIA's law enforcement investigation exemption,[11] FOIA's exemption for statutorily created disclosure exemptions,[12] and the juvenile confidentiality statute,[13] because the report sought would be redacted. We held in Syllabus point 2 that a blanket rule of nondisclosure was permissible if that was the only way to protect the identity of the juveniles involved. However, we went on to hold in Syllabus point 2 that:

> an incident report should be released to the press with the names of any juveniles (along with any information that could reasonably lead to the discovery of the identity of the juveniles) redacted; redaction offers the least intrusive means of protecting the identity of juveniles, while respecting the right of the public under the West Virginia Freedom of Information Act, *W. Va.Code*, 29B–1–1 [1977] *et seq.*

*Ogden* thus recognized that a public body did have a duty to take steps to provide non-exempt information contained in a public record if it could do so while protecting exempt information.

Finally, our most explicit recognition of the duty to redact came in *Daily Gazette I.* There we observed that, albeit in the specific context of the internal memorandum exception to FOIA, "to the extent that segregable, factual data may be extracted, that information should be disclosed." 198 W.Va. at 573, 482 S.E.2d at 190.

However, we have previously observed that it is "often the case in our vocation ... to craft a working rule that reflects a delicate balance between two competing interests." *State ex rel. Roark v. Casey*, 169 W.Va. 280, 284, 286 S.E.2d 702, 705 (1982). Thus, we implied that the duty to redact or segregate is not necessarily absolute, stating in *Town of Burnsville* that if the steps needed to segregate non-exempt from exempt information were "overly burdensome or costly," then such steps may not be required. 188 W. Va. at 515, 425 S.E.2d at 191 ("We do not believe compiling a list of only taxpayer names will be overly burdensome or costly given the size of the Town of Burnsville.").[14] We were not alone in adding this caveat.

For example, federal courts have found such burdens where exempt and non-exempt information is so inextricably intertwined that redaction or segregation of the exempt information would impose significant costs in time or money or when the costs of redacting or segregating are not justified because redaction or segregation would produce a FOIA response with little informational value. *See, e.g., Vaughn*, 484 F.2d at 825 n. 19

---

**11.** Now re-codified at W. Va.Code § 29B–1–4(a)(4) (Supp.2003).

**12.** Now re-codified at W. Va.Code § 29B–1–4(a)(5) (Supp.2003).

**13.** Codified as amended at W. Va.Code § 49–7–1 (Repl.Vol.2001).

**14.** FOIA also expresses concern that information requests not become mechanisms to paralyze other necessary government functions. *See* W. Va.Code § 29B–1–3(3) ("The custodian of the records may make reasonable rules and regulations necessary for the protection of the records and to prevent interference with the regular discharge of his or her duties.").

("It may be, of course, that the exempt and the non-exempt portions are so inextricably intertwined that it is impossible to separate them."). *Compare Solar Sources, Inc. v. United States,* 142 F.3d 1033, 1039 (7th Cir. 1998) (documents not reasonably segregable when segregation process would take eight work years to identify all non-exempt information in agency investigatory files); *Doherty v. United States Dep't of Justice,* 775 F.2d 49, 53 (2d Cir.1985) ("The fact that there may be some nonexempt matter in documents which are predominantly exempt does not require the district court to undertake the burdensome task of analyzing approximately 300 pages of documents, line-by-line.") *with Wightman v. Bureau of Alcohol, Tobacco, and Firearms,* 755 F.2d 979, 983 (1st Cir. 1985) (finding blanket denial could be justified by unusual burdens such as the voluminous nature of the contested record or the cost of doing a line by line analysis that would, for other reasons, be high, but concluding under the facts of the case that redacting 36 pages was not facially unreasonable).

 Of course, a public body cannot simply state in a conclusory or cursory manner that redaction would be unreasonably burdensome or costly. In *Daily Gazette Co. I,* 198 W.Va. at 573, 482 S.E.2d at 190 (1996) (citations omitted), we explained that FOIA "imposes upon the government agency 'the burden of showing the express applicability of [the claimed] exemption to the material requested.' Conclusory or general assertions on the part of the government agency do not satisfy this burden." We therefore agree that

agencies should not be forced to provide such a detailed justification that would itself compromise the secret nature of potentially exempt information. Nevertheless, unless the segregability provision of the FOIA is to be nothing more than a precatory precept, agencies must be required to provide the reasons behind their conclusions in order that they may be challenged by FOIA plaintiffs and reviewed by the courts.

*Mead Data Cent., Inc. v. United States,* 566 F.2d 242, 261 (D.C.Cir.1977).

██ Other states, through judicial, legislative, or administrative avenues, have followed this approach. For example, the Louisiana Court of Appeals held in *Association of Rights for Citizens, Inc. v. Parish of St. Bernard,* 557 So.2d 714, 717 (La.Ct.App. 1990):

In the instant case, the custodian merely testified that it would not be possible to delete the private information from the original applications, leaving access to the non-confidential telephone numbers. The custodian has a legal duty to segregate the public from the nonpublic information or to make a written statement, showing that this would be unreasonably burdensome or expensive. [The custodian] has not fulfilled her duty to make the non-confidential telephone numbers available.

*See also* Cal. Gov't Code § 6255 (West Cum. Pocket Part 2004)("(a) The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record. (b) A response to a written request for inspection or copies of public records that includes a determination that the request is denied, in whole or in part, shall be in writing."); *ACLU v. Deukmejian,* 32 Cal.3d 440, 444, 186 Cal. Rptr. 235, 237, 651 P.2d 822, 823–24 (Cal. 1982) (section 6255 allows agency to avoid providing redacted or segregated material if unduly burdensome); *Butler v. Cohen,* 163 Wis.2d 819, 825–26, 472 N.W.2d 579, 581–82 (Ct.App.1991) ("The denial to a written request must be in writing and must be accompanied by a statement of the specific public policy reasons for the refusal.... Although the custodian is not required to provide a detailed analysis of the record and why public policy directs that it must be withheld, mere legal conclusions that a record is 'confidential' or that its release would be 'contrary to the public interest' insufficiently justify refusal because such reasons lack specificity."); 37A Am.Jur.2d *Freedom of Information Acts* § 440, at p. 416 (1994) ("[I]n certain states, if segregating the nonexempt portions

would be unreasonably burdensome or expensive, then the custodian must state so in writing." (footnote omitted)); 76 C.J.S. *Records* § 124, at p. 235 (1996) ("If... segregation would be unreasonably burdensome or expensive, the agency should provide the party requesting the documents with a statement showing this." (footnote omitted)). In sum, "[i]f the agency can show with reasonable specificity why material could not be segregated, it meets its burden under FOIA." *Billington v. United States Dep't of Justice*, 301 F.Supp.2d 15, 23 (D.D.C.2004).

We must observe here that the process we have articulated is not based upon any specific FOIA exemption, but upon the reasonableness of segregation or redaction,[15] in light of the balance between the public's rights and public bodies' obligations under FOIA and the limited resources public bodies have to not only respond to FOIA requests, but to provide other critical government services. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 157, 110 S.Ct. 471, 478, 107 L.Ed.2d 462, 474 (1989) ("This Court consistently has taken a practical approach when it has been confronted with an issue of interpretation of the Act."); *Solar Sources, Inc.*, 142 F.3d at 1039 ("Imposing this burden upon the Government [of eight work years to identify all non-exempt information], as well as the reviewing courts, would conflict with the 'practical approach' that courts have taken in interpreting the Act."). *Cf.* W. Va.Code § 29B–1–3(3) (records custodian may make reasonable rules and regulations to, *inter alia*, "prevent interference with the regular discharge of his or her duties.")

■ Consequently, we hold that, in response to a proper Freedom of Information Act request, a public body has a duty to redact or segregate exempt from non-exempt information contained within the public record(s) responsive to the FOIA request and to disclose the nonexempt information unless such segregation or redaction would impose upon the public body an unreasonably high burden or expense. If the public body refuses to provide redacted or segregated copies because the process of redacting or segregating would impose an unreasonably high burden or expense, the public body must provide the requesting party a written response that is sufficiently detailed to justify refusal to honor the FOIA request on these grounds. Such written response, however, need not be so detailed that the justification would compromise the secret nature of the exempt information.

■ In crafting our holding today, we endorse the views expressed by the D.C. Circuit in *Mead Data*, 566 F.2d at 261 (footnote added):

[A]n agency should ... describe what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document. Armed with such a description, both litigants and judges will be better positioned to test the validity of the agency's claim that the non-exempt material is not segregable. For example, if only ten percent of the material is non-exempt and it is interspersed line-by-line throughout the document, an agency claim that it is not reasonably segregable because the cost of line-by-line analysis would be high and the result would be an essentially meaningless set of words and phrases might be accepted. On the other extreme, if a large proportion of the information in a document is non-exempt, and it is distributed in logically related groupings, the courts should require a high standard of proof for an agency claim that the burden of separation justifies nondisclosure or that disclosure of the non-exempt material would indirectly reveal the exempt information. Of course it is the cases in between these extremes which, no doubt, will more frequently present themselves to the courts and provide the true test for the procedures we have suggested. We therefore urge that they not be viewed as a thaumaturgic formula,

---

15. *See Lead Indust. Ass'n, Inc. v. OSHA*, 610 F.2d 70, 86 (2d Cir.1979):

[I]f the proportion of nonexempt factual material is relatively small and is so interspersed with exempt material that separation by the agency and policing of this by the courts would impose an inordinate burden, the material is still protected because, although not exempt, it is not "reasonably segregable[.]" (citation omitted).

but as a potentially useful approach, to be tried and improved by experience, as the courts struggle to strike a balance between the unavoidably conflicting values implicated by the segregability requirement of the FOIA.[16]

■ In this case, the City did not provide any redacted or segregated records responsive to Mr. Farley's original FOIA request prior to his lawsuit. Further, the City did not assert the process of redacting the records would be unreasonably burdensome or expensive. Indeed, the circuit court's summary judgment order specifically found that the City had installed a new computer system in 2002. Mullens City Manager Kathy Lusk testified that the City could redact the names of taxpayers carried on the City's computerized list of B & O taxpayers. Ms. Lusk also testified that "it would be easy to redact the name of the taxpayer" from the list of garbage taxpayers. Finally, Ms. Lusk testified that "the name of the taxpayer could be redacted" from the computerized database containing the names of sewage taxpayers. Therefore, we conclude that the City was required to provide Mr. Farley this redacted material in response to his original FOIA request, even though Mr. Farley did not initially seek redacted material. It is evident, therefore, that the City's argument in this regard is legally erroneous.

### B. The Vaughn Index

■ We turn now to another issue that our above holding implicates-the obligation of public bodies to provide a *Vaughn* index if they do not provide the requested records either in full or in part based upon a specific FOIA exemption. We adopted the *Vaughn* index in *Daily Gazette I,* where we observed that a *Vaughn* index, named for *Vaughn v. Rosen,* 484 F.2d 820 (D.C.1973), "requires 'that when an agency seeks to withhold infor-

mation it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" 198 W.Va. at 566 n. 2, 482 S.E.2d at 183 n. 2 (quoting *Mead Data,* 566 F.2d at 251). The *Vaughn* index procedure takes on added importance in light of our above holding mandating agency segregation or redaction in response to FOIA requests. *See Freedom of Information Act Guide, supra,* at p. 668 ("The *Vaughn* Index came into prominence mainly as a result of the 1974 amendments to the FOIA, with the addition of the 'reasonably segregable' provision to subsection (b)." (footnote omitted)). We believe, however, that both parties have misunderstood the *Vaughn* index requirement.

It appears that Mr. Farley believes that a public body must prepare and present a *Vaughn* index to a FOIA requestor whenever the public body denies a FOIA request. This is incorrect. While Mr. Farley cites *Daily Gazette I* in support of this argument, we do not think that *Daily Gazette I* supports this position. In *Daily Gazette I,* the burden of producing a *Vaughn* index did not arise at the administrative stage, but was directed by the circuit court as part of the litigation under section 5 of FOIA. 198 W.Va. at 566, 482 S.E.2d at 183. Further, the view that a *Vaughn* index is not required at the administrative stage of FOIA proceedings is amply supported by substantial precedent.

■ While the D.C. Circuit stated in dicta [17] in *Mead Data* that a *Vaughn* index is as applicable at the administrative level as in litigation, *Mead Data,* 566 F.2d at 251, the D.C. Circuit went on to conclude there is no error if the index is provided during litigation. *Id.* Hence, "[w]ith regard to the timing of a *Vaughn* Index, it is well-settled that a requester is not entitled to receive one dur-

---

**16.** We recognize that there may be times when a FOIA request asks for material that might reasonably be provided but not within the five days required by W. Va.Code § 29B-1-3(4), as a result of instances such as the sudden loss of a key employee or an unexpectedly significant increase in the number of FOIA requests being made. See generally *Freedom of Information Act Guide, supra,* at 639-647 for a discussion of these issues.

We leave resolution of the particular challenges these kinds of circumstances may raise for another day.

**17.** *Mayock v. INS,* 714 F.Supp. 1558, 1567 (N.D.Cal.1989) (noting this aspect of *Mead Data* was dicta), *rev'd on other grounds,* 938 F.2d 1006 (9th Cir.1991).

ing the administrative process." *Freedom of Information Act Guide, supra,* at p. 681 (footnote omitted). In other words, the *Vaughn* index is implicated by FOIA litigation-not simply by a FOIA denial. *See Natural Resources Def. Council v. Nuclear Reg. Comm'n,* 216 F.3d 1180, 1190 (D.C.Cir.2000) (*Vaughn* index "is a rule that governs litigation in court and not proceedings before the agency."). *See also Ruotolo v. Department of Justice,* 53 F.3d 4, 6 (2d Cir.1995) ("A *Vaughn* index is provided in the course of FOIA litigation [.]"); *Dickerson v. Department of Justice,* 992 F.2d 1426, 1429 n. 2 (6th Cir.1993) ("A '*Vaughn* index' ... is ... specially prepared for litigation purposes."); *Rugiero v. United States Dep't of Justice,* 234 F.Supp.2d 697, 700 n. 1 (E.D.Mich.2002) ("A '*Vaughn* index' is a routine FOIA-litigation device[.]"). Thus,

> [t]here is no requirement that an agency provide a "search certificate" or a "*Vaughn*" index on an initial request for documents. The requirement for detailed declarations and *Vaughn* indices is imposed in connection with a motion for summary judgment filed by a defendant in a civil action pending in court.

*Schwarz v. United States Dep't of the Treasury,* 131 F.Supp.2d 142, 147 (D.D.C.2000) (footnote and citation omitted). *Accord Judicial Watch, Inc. v. Clinton,* 880 F.Supp. 1, 11 (D.D.C.1995) ("Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the adminis-

trative process."), *aff'd on other grounds,* 76 F.3d 1232 (D.C.Cir.1996).[18]

However, we also find that the City misapprehends the *Vaughn* index requirement. The City cites *Daily Gazette I* and argues that a *Vaughn* index is required only when the public agency withholds documents based upon the internal memorandum exception of FOIA codified at W. Va.Code § 29B–1–4(a)(8).[19] We believe, however, that the City "has read [*Daily Gazette I* ] too narrowly and has missed the point actually decided in that case." *Jordan v. National Grange Mut. Ins. Co.,* 183 W.Va. 9, 11, 393 S.E.2d 647, 649 (1990).

▆▆▆▆ While Syllabus point 3 of *Daily Gazette I* only spoke in terms of the internal memorandum exemption, we have repeatedly pointed out that " '[t]he statement contained in a syllabus is to be read in the light of the opinion.' *Jones v. Jones,* 133 W.Va. 306, 310, 58 S.E.2d 857, 859 (1949), *citing Koblegard, Trustee v. Hale,* 60 W.Va. 37, 41, 53 S.E. 793 [794] [1906]." *Cupano v. West Virginia Ins. Guar. Ass'n,* 207 W.Va. 703, 708, 536 S.E.2d 127, 132 (2000). *See also* syl. pt. 5, *State v. Franklin,* 139 W.Va. 43, 79 S.E.2d 692 (1954) ("Point 2, Syllabus, *State v. Collins,* 108 W.Va. 98, 150 S.E. 369, read in light of the opinion and the facts therein and explained.") Thus, we discussed the *Vaughn* index in *Daily Gazette I* in the context of the internal memorandum exemption simply because that was the exemption at issue in that case. 198 W.Va. at 570, 482 S.E.2d at 187. Nothing in

**18.** Because the *Vaughn* index relates to specific FOIA exemptions, it is analytically distinct from the reasonable segregation requirement discussed in section III.A. This explains why the refusal to redact or segregate must be explained in reasonable detail to the requestor at the administrative stage (when the requester receives nothing responsive to the request), but the *Vaughn* index is limited to litigation (because the requester has gotten at least some of the information sought). However, we emphasize nothing in this opinion precludes a public body from producing a *Vaughn* index at the administrative level and there well may be times where so doing will help avoid the need for litigation.

**19.** Syllabus point 3 of *Daily Gazette I* provides:

> When a public body asserts that certain documents in its possession are exempt from disclosure under *W. Va.Code,* 29B–1–4(8) [1977],

on the ground that those documents are "internal memoranda or letters received or prepared by any public body," the public body must produce a *Vaughn* index named for *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* index must provide a relatively detailed justification as to why each document is exempt, specifically identifying the reasons why *W. Va.Code,* 29B–1–4(8) [1977] is relevant and correlating the claimed exemption with the particular part of the withheld document to which the claimed exemption applies. The *Vaughn* index need not be so detailed that it compromises the privilege claimed. The public body must also submit an affidavit, indicating why disclosure of the documents would be harmful and why such documents should be exempt.

198 W. Va. 563, 198 W.Va. 563, 482 S.E.2d 180 (1996).

the body of *Daily Gazette I* indicated that a *Vaughn* index is required only when FOIA's internal memorandum exemption is invoked. Indeed, we explained in *Daily Gazette I*, that a *Vaughn* index must set forth, *inter alia*, " 'the reasons why *a particular exemption* is relevant and correlating those claims with the particular part of a withheld document to which they apply.' " 198 W.Va. at 566 n. 2, 482 S.E.2d at 183 n. 2 (emphasis added) (citation omitted). Because it appears *Daily Gazette I* is being taken out of context, we modify Syllabus point 3 of *Daily Gazette I* as follows:

When a public body asserts that certain documents [or portions of documents] in its possession are exempt from disclosure under [any of the exemptions contained in] W. Va.Code, 29B–1–4 [(2002 Repl.Vol.) (2003 Supp.),] the public body must produce a *Vaughn* index named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* index must provide a relatively detailed justification as to why each document is exempt, specifically identifying the [reason(s) why an exemption under W. Va.Code, 29B–1–4] is relevant and correlating the claimed exemption with the particular part of the withheld document to which the claimed exemption applies. The *Vaughn* index need not be so detailed that it compromises the privilege claimed. The public body must also submit an affidavit, indicating why disclosure of the documents would be harmful and why such documents should be exempt. Syllabus point 3 of *Daily Gazette Co., Inc. v. West Virginia Development Office*, 198 W.Va. 563, 482 S.E.2d 180 (1996), is hereby expressly modified.

■ In conclusion, we find that the City did not disclose any of the information Mr. Farley sought, either in total or in redacted form, in response to his FOIA request, even after acknowledging its counsel's familiarity with *Town of Burnsville v. Cline*. As is evident from our above discussion, we reject the City's contention that it was not obligated to provide redacted copies of the responsive records until Mr. Farley narrowed his FOIA request at the summary judgment hearing. Consequently, it was not until the circuit court directed the City to provide redacted records that the City provided Mr. Farley information responsive to his FOIA request. This being the case, we find that Mr. Farley was a successful FOIA litigant. Consequently, he was entitled to an award of reasonable attorneys fees and costs. Thus, we remand to allow the circuit court to determine an appropriate award of attorney's fees under W. Va.Code § 29B–1–7 and *Daily Gazette II*, 206 W.Va. at 64–65, 521 S.E.2d at 556–57.

## IV.

## CONCLUSION

The order of the circuit court denying fees is reversed and remanded.

Reversed and remanded.

Justice STARCHER concurs in part; and dissents in part; and reserves the right to file a separate opinion.

STARCHER, Justice, concurring in part, and dissenting in part:

(Filed June 25, 2004)

I concur in the result of the majority opinion and its reasoning. However, I do not agree with setting out detailed FOIA procedures in new syllabus points. This Court, too frequently, is accused of "legislating." This is an example of where we have unnecessarily developed new law. To me, this task would be better accomplished by the Legislature through rule-making.