FILED

**April 26, 2017**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 15-1174 – *W.Va. Regional Jail Authority v. Marcum*

WORKMAN, Justice, concurring in part, and dissenting in part.

I concur in the result the majority reaches in this specific case, but vehemently disagree with the all-encompassing syllabus point four that reads, in part: "Pursuant to W.Va. Code § 29B-1-4(a)(19) (2016) (Supp. 2016) disclosure of a videotape of the cell extraction of an inmate *is prohibited*[.]" (Emphasis added). After watching the videotape at issue,[1] I concur that the Regional Jail has shown that it is exempt from disclosure pursuant to West Virginia Code § 29B-1-4(a)(19), because it shows in some detail the route of egress from an inmate's cell to the outside of the facility, including the secured points. Thus, if released, it "could be used by an inmate or resident to escape a facility, or to cause injury to another inmate, resident or to facility personnel." *Id*.

Each videotape of a jail cell extraction of an inmate should be analyzed to determine whether the circumstances in a given situation support a legal conclusion that it falls within a FOIA exemption. The majority should not have adopted a blanket rule with respect to the applicability of this exemption to all such videotapes. Rather, the majority should have preserved the right of the lower courts to make these specific

---

[1] The lower court reviewed the videotape and made findings of fact on the incident in order to apply the FOIA exemption statute to those facts. Each and every member of the majority was obligated to view the videotape before reversing the lower court's legal analysis of the FOIA issue, and I hope they did so.

1

determinations on a case-by-case basis because other jail cell extraction videos may not contain such information.

The strong tenor of the law is that the exemptions from the mandatory disclosure requirement of the Freedom of Information Act (FOIA) are both narrowly drafted and narrowly construed. This counterbalances the self-protective instincts of bureaucracy which, as in any organization, would prefer to operate under the relatively forgiving eye of only its own members rather than the more revealing "sunlight" of public scrutiny.

The United States Supreme Court has explained that the federal FOIA, 5 U.S.C. § 552, is "a means for citizens to know 'what their Government is up to.' This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 171-172 (2004) (citation and internal quotation marks omitted). As the Supreme Court has "consistently recognized[,] . . . the basic objective of the Act is disclosure." *Chrysler Corp. v. Brown,* 441 U.S. 281, 290 (1979). At the same time, the statute represents a "balance [of] the public's interest in governmental transparency against legitimate governmental and private interests [that] could be harmed by release of certain types of information." *United Techs. Corp. v. U.S. Dep't of Def.,* 601 F.3d 557, 559 (D.C.Cir.2010) (internal quotation marks and citations omitted). Reflecting that balance, the federal FOIA contains nine exemptions set forth in 5 U.S.C. § 552(b), which "are

explicitly made exclusive and must be narrowly construed." *Milner v. U.S. Dep't of Navy,* 562 U.S. 562, 565 (2011) (internal quotation marks and citations omitted) (citing *FBI v. Abramson,* 456 U.S. 615, 630 (1982)).

In the same way, West Virginia's FOIA is, indeed, a pro-disclosure statute with twenty specific exemptions. *See* W.Va. Code § 29B-1-4(a), in part ("[t]here is a presumption of public accessibility to all public records, subject only to the following categories of information which are specifically exempt from disclosure[.]"). "This Court has made clear that the FOIA's exemptions are to be strictly construed, while the FOIA's disclosure provisions are to be liberally construed[.]" *Highland Min. Co. v. W.Va. Univ. Sch. of Med.*, 235 W.Va. 370, 381, 774 S.E.2d 36, 47 (2015). Where an enumerated exemption is relied on, the court must determine the matter de novo,[2] and the public body asserting the exemption has the burden of sustaining the applicability of the asserted exemption.

---

[2] *See generally Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 769 (9th Cir. 2015) ("We review . . . FOIA cases in a two-step process. *Berman v. CIA,* 501 F.3d 1136, 1139 (9th Cir. 2007). First, we review *de novo* whether the documents submitted by the agencies give an adequate factual basis for the district court's decision. *Id.* If there is an adequate factual basis, we then determine 'whether the district court's decision regarding [the] applicability of FOIA's exemptions was correct.' *Id.* Factual findings are reviewed for clear error, but legal conclusions, including whether a document fits within one of FOIA's exemptions, are reviewed *de novo. Id.*").

By adopting a wholesale rule that such records are categorically exempt from disclosure, the majority's interpretation is impermissibly broad.[3] The interaction of inmates and correctional officers may shed light on the operations of the correctional facilities and their treatment of those who are incarcerated. "These are matters of legitimate public concern." *Rataj v. City of Romulus*, 858 N.W.2d 116, 125 (Mich. 2014). In *Rataj*, an attorney filed suit against city, seeking to compel release of a videorecording showing a police officer's alleged assault of unnamed individual who had been arrested and handcuffed. The appeals court found the videotape was subject to disclosure, and noted "the video would shed light on the operations of the [police department] and, in particular, its treatment of those arrested and detained by its officers." *Id*. at 125. Certainly, West Virginia citizens enjoy the same broad rights to obtain such public records, limited only by the coverage of the statute and its exemptions. Where there is a

---

[3] As this Court held in syllabus point five, in part, of *Farley v. Worley*, 215 W.Va. 412, 599 S.E.2d 835 (2004):

> In response to a proper Freedom of Information Act request, a public body has a duty to redact or segregate exempt from non-exempt information contained within the public record(s) responsive to the FOIA request and to disclose the nonexempt information unless such segregation or redaction would impose upon the public body an unreasonably high burden or expense.

*See also Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016) ("The statute thus sets forth the broad outlines of a process for agencies to follow when responding to FOIA requests: first, identify responsive records; second, identify those responsive records or portions of responsive records that are statutorily exempt from disclosure; and third, if necessary and feasible, redact exempt information from the responsive records.").

balance to be struck, the Legislature and this Court have stacked the scales in favor of disclosure and against exemption. These determinations are highly fact-specific, and, therefore, should be made on a case-by-case basis.

For these reasons, I would not adopt the majority's bright-line approach but would leave the door open for the disclosure of jail cell extraction videotapes in some limited circumstances.