STATE OF WEST VIRGINIA

**Appalachian Mountain Advocates,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0266** (Monongalia County 18-C-267)

**West Virginia University,**
**Defendant Below, Respondent**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Appalachian Mountain Advocates, by counsel Evan D. Johns, appeals the Circuit Court of Monongalia County's February 22, 2019, order granting respondent's motion to dismiss petitioner's complaint for declaratory and injunctive relief. Respondent West Virginia University, by counsel Seth P. Hayes and Zachary H. Warder, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 9, 2017, the West Virginia Department of Commerce ("Department of Commerce") announced that China Energy Investment Corporation ("China Energy") planned to invest $83.7 billion in shale gas and chemical projects in West Virginia. *See* Press Release, West Virginia Department of Commerce, China Energy and West Virginia Announce Framework to Invest $83 Billion in Shale Gas and Chemical Manufacturing Projects (Nov. 9, 2017). The then-West Virginia Secretary of Commerce H. Wood Thrasher ("Commerce Secretary Thrasher") and a representative from China Energy signed a Memorandum of Understanding ("MOU"), and Commerce Secretary Thrasher stated that West Virginia sought this foreign investment to "strengthen and diversify" the state's economy. *Id.* Commerce Secretary Thrasher also detailed that the West Virginia Development Office ("Development Office") had worked "to ensure this unparalleled economic development opportunity was realized for the [S]tate of West Virginia." *Id.*

Shortly after this announcement, on November 28, 2017, petitioner requested from respondent (in particular, "the West Virginia University Energy Institute or any of its staff"), under the West Virginia Freedom of Information Act ("FOIA"),

(1) Any memoranda of understanding or other agreement between any West Virginia state officer, agency, or department and China Energy Investment Corporation (or any representative thereof), entered into, prepared, or otherwise dated between January 16, 2017 and November 10, 2017;

(2) any list of energy, infrastructure, or industrial projects that any West Virginia state officer, agency, or department provided to China Energy Investment Corporation (or any representative thereof) between January 16, 2017 and November 10, 2017;

(3) any documents, including incoming or outgoing electronic mail (e-mail) messages, that both:
    (i) were produced between January 16, 2017, and November 10, 2017; and
    (ii) meet at least one of the following criteria:
        (a) contain both of the terms "China" and "energy,"
        (b) contain both of the terms "China" and "coal," or
        (c) contain both of the terms "China" and "gas;" and

(4) any attachments or exhibits to any of the records described above in paragraphs (1)-(3).

In response to parts (1) and (2), respondent stated that it construed those "to be requests for the memorandum of understanding between China Energy Investment Corporation and the West Virginia Department of Commerce and projects that may be identified in such agreement," which it claimed were exempt from disclosure "to the extent that such agreement and documents contain proprietary trade secrets and/or information relating to economic development." With respect to parts (3) and (4), respondent claimed that the requests were too broad and disclosure of the requested documents would be too burdensome, as a preliminary search "yielded more than 15,000 potentially responsive e[-]mails."

On June 21, 2018, petitioner filed a "Complaint for Declaratory and Injunctive Relief" alleging that respondent unlawfully refused to provide public records responsive to a lawful FOIA request. Respondent moved to dismiss the complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief could be granted.

In moving to dismiss, respondent recounted the circumstances surrounding execution of the MOU, appended a press release documenting the event, and cited precedent permitting courts to take judicial notice of current events of a public nature. Respondent also explained that petitioner directed its FOIA request to it rather than to the Department of Commerce or the Development Office because its Energy Institute employed Dr. Quingyun Sun. In addition to his employment with respondent's Energy Institute, Dr. Sun served as the Governor's Assistant for China Affairs at the Development Office. Although Dr. Sun did not sign the MOU, respondent

averred that he was the point of contact for China Energy's investment in West Virginia at the Development Office, which office "orchestrated" the investment and MOU, and that any documents responsive to parts (1) and (2) of petitioner's FOIA request "were obtained through Dr. Sun's work with" the Development Office. Accordingly, respondent argued, documents responsive to parts (1) and (2) were exempt from disclosure under the "economic development exemption" found in West Virginia Code § 5B-2-1, quoted below.

Respondent also argued that parts (3) and (4) of petitioner's FOIA request failed to state with reasonable specificity the information sought and were overly broad and unduly burdensome. As earlier indicated, respondent had identified more than 15,000 potentially responsive e-mails, and claimed that reviewing and, where necessary, redacting or segregating the e-mails would impose an unreasonably high burden and expense.

The circuit court held a hearing on the motion on November 19, 2018, at which it took the motion under advisement and directed the parties to meet and confer in an attempt to narrow the search terms specified in parts (3) and (4) of the request. Several months later, on February 22, 2019, the court granted respondent's motion to dismiss, concluding that "the request seeks documents that are statutorily protected by the economic development [exemption] and the request is unduly burdensome." Petitioner now appeals.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 1, *Barber v. Camden Clark Mem'l Hosp. Corp.*, 240 W. Va. 663, 815 S.E.2d 474 (2018) (citation omitted).

Petitioner raises four assignments of error on appeal. Petitioner's first two claimed errors relate to the circuit court's finding that the documents requested in parts (1) and (2) of the FOIA request are protected under the economic development exemption.[1] Petitioner argues that

---

[1] Petitioner also argues on appeal that respondent has failed to state whether it possesses documents responsive to the request aside from the MOU, and that the circuit court erred, additionally, in granting respondent's motion related to parts (1) and (2) in whole where the exemption was claimed only for the MOU and related documents. In respondent's brief to this Court, it notes that "[p]etitioner was upfront about seeking the MOU with [respondent] and the lower court. It is only before this Court that [p]etitioner now downplays its intent to seek the MOU through [respondent's] Energy Institute."

It is clear to this Court that parts (1) and (2) of petitioner's FOIA request sought the MOU and related documents. Respondent told petitioner that it was construing those parts to be a request for the MOU "and projects that may be identified in such agreement," and petitioner did not challenge that construction. Indeed, in its response to the motion to dismiss, petitioner's characterization of Count I of its complaint readily admits as much:

> Count I alleges the University has a duty to produce copies of *the* China Energy agreement in its possession, regardless of whether the University is itself a

(continued . . .)

3

applicability of the exemption was not properly resolved by a motion to dismiss; rather, because respondent was required to substantiate the applicability of that exemption, the matter was more appropriate for summary judgment. Petitioner also argues that, in any event, the bare assertions in respondent's legal memoranda were insufficient to demonstrate applicability of the exemption, and that the circuit court went "beyond [petitioner's] complaint and judicially noticeable facts" in sustaining respondent's claim.

Under the FOIA, "[e]very person has a right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided by section four of this article." W. Va. Code § 29B-1-3(a). One such express exemption from disclosure is "[i]nformation specifically exempted from disclosure by statute[.]" *Id.*, § 29B-1-4(a)(5). West Virginia Code § 5B-2-1, in turn, sets forth the economic development exemption:

> Any documentary material, data or other writing made or received by the West Virginia development office or other public body, whose primary responsibility is economic development, for the purpose of furnishing assistance to a new or existing business shall be exempt from the provisions of article one [§§ 29B-1-1 et seq.], chapter twenty-nine-b of this code: Provided, That any agreement entered into or signed by the development office or public body which obligates public funds shall be subject to inspection and copying pursuant to the provisions of said article as of the date the agreement is entered into, signed or otherwise made public.

The MOU and related documents sought in parts (1) and (2) of petitioner's request fall squarely within this exemption as "documentary material, data or other writing made or received by the [Development Office] or other public body, whose primary responsibility is economic development, for the purpose of furnishing assistance to a new . . . business."[2] *See id.*

---

signatory to that agreement. . . . Count I also challenges the University's "hypothetical" invocation of the Act's trade secret and economic development exemptions.

(Emphasis added.) Petitioner also related that respondent "did not deny it possessed copies of *the* China Energy agreement." (Emphasis added.) Because petitioner did not dispute below that parts (1) and (2) of its request sought only the MOU and related documents, we decline to consider any argument that it was seeking other, additional documents. *See Zaleski v. W. Va. Mut. Ins. Co.*, 224 W. Va. 544, 550, 687 S.E.2d 123, 129 (2009) (finding that argument raised for first time on appeal was waived).

[2] This conclusion is rendered no less certain by petitioner's argument that respondent failed to show that the MOU does not obligate public funds. A "memorandum of understanding," also termed "letter of intent," is defined as "[a] written statement detailing the preliminary understanding of parties who *plan* to enter into a contract or some other agreement; a *noncommittal* writing preliminary to a contract." Letter of intent, *Black's Law Dictionary* 1088 (11th ed. 2019) (emphasis added). "A letter of intent is not meant to be binding . . . . Business

(continued . . .)

Petitioner disputes that it pled facts in its complaint sufficient for the circuit court to make such a determination without resorting to matters outside of the complaint. But a circuit court may adjudicate an affirmative defense on a motion to dismiss for failure to state a claim where the facts that establish the defense are ascertainable from, among other things, "matters of which the court may take judicial notice." *Forshey v. Jackson*, 222 W. Va. 743, 746 n.8, 671 S.E.2d 748, 751 n.8 (2008). In addition, we have previously stated that courts "may, and should, take notice . . . of current events of a public nature."[3] *State ex rel. City of Charleston v. Sims*, 132 W. Va. 826, 847, 54 S.E.2d 729, 741 (1949). While courts will not take judicial notice of every current event, "we are not required to close our eyes to things which are in plain view, especially in matters which concern the government of the State, of which we are a part." *Id.* Though the parties submit that the circuit court did not, in fact, take judicial notice of these facts, we may nevertheless "affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, in part, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). The circumstances surrounding the MOU were capable of judicial notice, and the circuit court would have been acting within its discretion to judicially notice those facts; accordingly, to the extent the applicability of the economic development exemption was not apparent from the face of petitioner's complaint and appended exhibits, including its FOIA request, the court's decision was likewise proper in view of the facts that could have been judicially noticed. For these reasons, we find no merit to petitioner's challenges to the court's application of the economic development exemption.[4]

---

people typically mean not to be bound by a letter of intent, and courts ordinarily do not enforce one . . . ." *Id.* Thus, by definition, the MOU falls outside of what petitioner refers to as the "public funds carve-out."

[3] Under Rule 201(b) of the West Virginia Rules of Evidence, courts "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts "may take judicial notice on [their] own," and judicial notice may be taken "at any stage of the proceeding." W. Va. R. Evid. 201(c)-(d).

[4] In further support of its claim the circuit court's action was procedurally infirm, petitioner contends that respondent was required to submit a *Vaughn* index and affidavit. *See* Syl. Pt. 6, *Farley v. Worley*, 215 W. Va. 412, 599 S.E.2d 835 (2004) (requiring a public body to produce a *Vaughn* index and affidavit when it asserts that documents are exempt from disclosure). Respondent argues that these documents were not yet necessary. Either way, we find no error in the circuit court's declination to order submission of these documents given the readily apparent applicability of the economic development exemption to parts (1) and (2) of petitioner's FOIA request.

In petitioner's final two assignments of error, it challenges the court's conclusion that parts (3) and (4) of its FOIA request are unduly burdensome. Petitioner again challenges the propriety of adjudicating the claim at the motion to dismiss stage, argues that respondent failed to substantiate its claim of undue burden, and contends that respondent had a duty to redact or segregate exempt from non-exempt information.

A FOIA request "for information must state with reasonable specificity the information sought." W. Va. Code § 29B-1-3(d), in relevant part. Petitioner's sweeping request in parts (3) and (4)—directed to respondent's Energy Institute *or any of its staff*—sought "*any* documents," including all incoming and outgoing e-mails, produced over a nearly ten-month period containing the word "China" and "energy," "coal," or "gas," as well as "any attachments or exhibits to any of the records" sought in parts (1) through (3). (Emphasis added.) Respondent identified more than 15,000 potentially responsive e-mails. Recognizing the "limited resources public bodies have to not only respond to FOIA requests, but to provide other critical government services," *Farley*, 215 W. Va. at 424, 599 S.E.2d at 847, we have stated that "the duty to redact or segregate is not necessarily absolute." *Id.* at 422, 599 S.E.2d at 845. According due regard to the "concern that information requests not become mechanisms to paralyze other necessary government functions," *id.* at 422 n.14, 599 S.E.2d at 845 n.14 (citing W. Va. Code § 29B-1-3(3)), we find no error in the circuit court's conclusion that parts (3) and (4) of petitioner's FOIA request were unduly burdensome.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 18, 2020

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice John A. Hutchison

**DISSENTING AND WRITING SEPARATELY:**

Justice Margaret L. Workman

**DISQUALIFIED:**

Chief Justice Tim Armstead
Justice Evan H. Jenkins


Justice Workman, dissenting:

I dissent from the majority's memorandum decision in this case, which involves certain requests for public information made pursuant to West Virginia Freedom of Information Act

6

("FOIA"), West Virginia Code §§ 29B-1-1 to -7. The Court upholds the circuit court's clearly erroneously application of the economic development exemption and determination that some of the information sought from petitioner Appalachian Mountain Advocates ("petitioner") was unduly burdensome to produce, thus prohibiting disclosure of public records and information, despite the fact that there was no evidence whatsoever to support the circuit court's legal conclusions.

In this case, the circuit court granted the motion made by respondent West Virginia University[5] ("respondent" or "WVU") to dismiss petitioner's complaint for declaratory and injunctive relief. In its complaint, petitioner had alleged that respondent unlawfully refused to provide public records responsive to a FOIA which sought, in essence, 1) any agreements or memorandum of understanding between West Virginia officials and the China Energy Investment Corporation ("China Energy") entered into in 2017; 2) any list of energy projects that any West Virginia state officer, agency, or department provided to China Energy in 2017; and 3) any correspondences sent or received by Energy Institute staff in 2017 that include the words "China" and either "energy," "coal," or "gas." In an email response, respondent claimed it was not a signatory to the agreement and was not the custodian of the specific agreement. This prompted the filing of petitioner's complaint for declaratory and injunctive relief in circuit court.

Respondent did not answer the complaint, but filed a motion to dismiss pursuant to West Virginia Rule of Civil Procedure 12(b)(6). Respondent argued that certain records sought by petitioner were exempt from disclosure under West Virginia Code § 5B-2-1, stating that "writing[s] made or received by the West Virginia development office or other public body, whose primary responsibility is economic development, for the purpose of furnishing assistance to a new or existing business" are exempt from disclosure under FOIA unless the writing is an "agreement . . . which obligates public funds." *Id*. Additionally, respondent argued that the requests for records or documents regarding correspondence of Energy Institute staff, which requests, as noted, contained certain specified terms, were overly broad and unduly burdensome. Respondent did not attach any affidavit, declaration, or *Vaughan* index to its motion in support of either of its legal arguments.

Following a hearing on respondent's motion, at which no evidence was submitted either orally or in writing, the circuit court, in a three-page order found that the documents sought by petitioner were statutorily protected by the economic development exemption or that production of the documents would be unduly burdensome and dismissed the complaint. Critically, not only was this ruling made in the absence of any factual development by the parties, but also the circuit court did not take judicial notice of any facts. Thus, the majority's lengthy discussion concerning the circuit court's right to adjudicate an affirmative defense by, inter alia, taking judicial notice of certain facts, is simply dicta. Succinctly put, there were *no* facts in evidence to support the circuit court's rulings, either by submission of the parties or by judicial notice.

---

[5] Specifically, the request was made to West Virginia University Energy Institute ("Energy Institute") or any member of its staff.

As we have previously held, "'[t]he disclosure provisions of this State's Freedom of Information Act, *W. Va. Code*, 29B-1-1 *et seq*., as amended, are to be liberally construed, and the exemptions to such Act are to be strictly construed. *W. Va. Code*, 29B-1-1 [1977].' Syl. Pt. 4, *Hechler v. Casey*, 175 W.Va. 434, 333 S.E.2d 799 (1985)." Syl. Pt. 3, *Charleston Gazette v. Smithers*, 232 W. Va. 449, 752 S.E.2d 603 (2013). Further, it is the party claiming the exemption from the general disclosure requirement of the FOIA that has the burden of showing the applicability of the claimed exemption to the requested material. *See id*. at 454, 752 S.E.2d at 608, Syl. Pt 4; *see* W. Va. Code § 29B-1-5(2) ("[t]he court shall determine the matter de novo and the burden is on the public body to sustain its action."). We further held in syllabus point six of *Farley v. Worley*, 215 W. Va. 412, 599 S.E.2d 835 (2004), that

> [w]hen a public body asserts that certain documents or portions of documents in its possession are exempt from disclosure under any of the exemptions contained in W. Va. Code, 29B-1-4 (2002 Repl. Vol.)(2003 Supp.), the public body must produce a *Vaughn* index named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S. Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* index must provide a relatively detailed justification as to why each document is exempt, specifically identifying the reason(s) why an exemption under W. Va. Code, 29B-1-4 is relevant and correlating the claimed exemption with the particular part of the withheld document to which the claimed exemption applies. The *Vaughn* index need not be so detailed that it compromises the privilege claimed. The public body must also submit an affidavit, indicating why disclosure of the documents would be harmful and why such documents should be exempt. Syllabus point 3 of *Daily Gazette Co., Inc. v. West Virginia Development Office*, 198 W.Va. 563, 482 S.E.2d 180 (1996), is hereby expressly modified.

Finally, we also recognized in *Farley* that "'[s]ummary judgment is the preferred method of resolving cases brought under FOIA.'" *Id*. at 418, 599 S.E.2d at 841 (*Evans v. Office of Personnel Mgmt.*, 276 F.Supp.2d 34, 37 (D.D.C.2003)).

Despite the clear FOIA requirements and this Court's precedent interpreting the Act, all of which require respondent to prove the applicability of the economic development exemption upon which it relied, as well as to demonstrate that certain requests were unduly burdensome, respondent did nothing in this case to support its motion to dismiss. It did not produce a *Vaughan* index, it presented no oral testimony, and it offered no affidavits or exhibits into evidence. Instead, this case was decided by the circuit court on nothing more than unsworn allegations made by respondent in its legal memoranda. Thus, the circuit court's decision is in clear contravention of the FOIA law enacted by the Legislature and further developed by this Court's precedents. The case should be reversed and remanded to the circuit court for further development of the evidence to support (or possibly alter) its legal determinations.

Respectfully, I dissent.